A. B. WILLIAMS v. S. C. PARSONS and H. O. PARSONS.

(Filed 23 December, 1914.)

**1. Timber Deeds—Realty—Incidents of Timber Interests.·**

 A conveyance of timber growing upon lands, as ordinarily drawn, conveys a fee-simple interest in such timber, is realty, and determinable as to all such timber not cut and removed within the time specified in the deed; and while such estate exists it is clothed with the same attributes and subject to the same laws of devolution and transfer as other interests in realty.

**2. Same—Judicial Sales—Interference by Owner of Land—Damages—Evidence—Profits.**

 The interest of a grantee in a timber deed is subject to execution and sale under a judgment obtained against him by his creditor, and the purchaser at such sale has the right to cut and remove the timber upon the terms and conditions and within the period specified in the deed; and in an action to recover damages against the owner of the lands for interfering with this right, it is competent for the purchaser to show by his evidence that he could have cut the whole or the greater part of the timber within the remaining period allowed under the terms and conditions of the timber deed, had not the defendant by his acts, threats, and other conduct wrongfully prevented him, and recovery may be had for the profits of all the timber which he might have cut and removed within the time, except for the acts of the defendant, using the means then at hand or reasonably available to him.

**3. Timber Deed—Judicial Sales—Time for Cutting, Etc.—Expiration—Ejectment—Injunction.**

 Where the rights of a purchaser at a judicial sale of the interest of a grantee in a conveyance of standing timber has been wrongfully interfered with by the owner of the land, and the time for cutting and removing the timber under the terms of the deed has expired, relief by ejectment or mandatory injunction is not available.

**4. Deeds and Conveyances—Timber Deeds—Adverse Possession—Admitted Into Possession—Possessory Action.**

 *Semble*, the possession of land by the owner is not regarded as adverse to the claim of a vendee of the timber growing thereon, under a separate deed, or to a purchaser of his title to the timber at an execution sale thereof, nothing else appearing; and under the circumstances of this case, it appearing that the purchaser at the execution sale was admitted into the possession by the owner of the lands, and thereafter was prevented by the owner of the lands from exercising his rights under his timber deed, it is held that the position is not available to the owner of the lands that his possession put the purchaser to his action therefor.

APPEAL by plaintiff from *Webb, J.,* at March Term, 1914, of WILKES.

Civil action to enforce the enjoyment of an estate in standing timber claimed by plaintiff on the land of S. C. Parsons and for damages for wrongful interference with same.

167—34

Defendant denied liability and set up a counterclaim against plaintiff for wrongfully cutting a part of the timber.

On issues submitted, the jury rendered the following verdict:

1. Did the defendant S. C. Parsons unlawfully and willfully prevent the plaintiffs from cutting and removing the timber from the land in dispute, as alleged in the complaint? Answer: "No."

2. And if so, what damage, if any, is the plaintiff entitled to recover of the defendant S. C. Parsons? Answer: "Nothing."

3. Did the plaintiff A. B. Williams unlawfully and willfully enter upon the lands in controversy and cut and remove the timber from same, as alleged in answer? Answer: "No."

4. And if so, what damages is the defendant S. C. Parsons entitled to recover? Answer: "Nothing."

The verdict as stated was rendered under a charge of the court that if the jury believed the evidence they would answer the first issue "No" and second issue "Nothing."

Judgment on the verdict for defendant, and plaintiff excepted and appealed.

*Hackett & Gilreath for plaintiff.*
*T. C. Bowie for defendant.*

HOKE, J. On the trial there was evidence offered tending to show that S. C. Parsons, who owned the land, in 1904 conveyed the standing timber thereon of specified kind and dimensions to H. O. Parsons, and he, in 1906, conveyed the same to W. S. Morrison, giving the right to cut and remove the timber for five years or until 5 July, 1911; in December, 1906, A. B. Williams & Co. obtained a judgment against W. S. Morrison and same was duly docketed in Wilkes County, January, 1907, and was revived by order of clerk, 28 March, 1911; that in May, 1911, pursuant to levy duly made, the sheriff of Wilkes County sold said interest and estate of W. S. Morrison and conveyed same by deed to plaintiff. There are also facts in evidence tending to show that in August or September, 1906, before the docketing of plaintiff's judgment, W. S. Morrison had executed a mortgage on said land to the International Supply Company, and that, subsequent to the docketing of plaintiff's judgment, both this company and W. S. Morrison, by separate deeds, had conveyed all their right, title, and interests in the timber to John F. Stone *et al.,* trustees, the International Harvester Company having assigned the mortgage and also executed a conveyance of their interest in the property to said Stone in 1909.

The rights, legal and equitable, if any, of John F. Stone are not presented in the record, and, as the judgment under which plaintiff purchased, docketed in 1906, constituted a valid lien on the equity of re-

demption of W. S. Morrison in this timber, the case is presented as between the purchaser of that interest and S. C. Parsons, the owner of the land, subject to the rights existent under these timber deeds.

Plaintiff, then, holding or claiming title under the sheriff's deed, offered evidence to show that, in May, 1911, he hired some hands, who commenced cutting the timber; that defendant S. C. Parsons at first made no objection, but showed plaintiff the boundary lines of the property, saying he would "neither tell plaintiff to go on or keep off," but that a few days later he commenced interfering with the work, and by threats and indictments, etc., he so harassed and intimidated plaintiff's hands that plaintiff could not induce them to go on with the work nor get others to take their place, and was prevented from cutting the timber or exercising his right thereunder until his time expired by the limitations of his deed; that he could have cut the whole or greater part of the timber if he had not been wrongfully interfered with by defendant before the limitations contained in the deeds would have expired, which was in July following.

These facts, if accepted by the jury, permit the inference that the legal rights and interests of plaintiff in this timber have been wrongfully interfered with by defendant, causing substantial damages to same—an injury which may result in the entire loss of his estate and giving a right to recover for the whole or a part of the amount, as the facts may disclose.

We have held in numerous cases that these deeds for standing timber, as ordinarily drawn, convey a fee-simple interest in such timber as realty, determinable as to all such timber as is not cut and removed within the time specified in the deed, and that, while such estate exists, it is clothed with the same attributes and subject to the same laws of devolution and transfer as other interests in realty. *Bateman v. Lumber Co.,* 154 N. C., 248; *Hornthal v. Howcott,* 154 N. C., 229; *Midgette v. Grubbs,* 145 N. C., 88; *Lumber Co. v. Corey,* 140 N. C., 467; *Hawkins v. Lumber Co.,* 139 N. C., 160. This being true, we now see no reason why the sheriff's deed did not convey to plaintiff the interest of W. S. Morrison, at least the equity of redemption existent at the time the judgment was docketed, in January, 1907, and giving him the present right to enter and cut the timber for the remaining period of time as against every one whose interests are now before the court. *Mayo v. Staten,* 137 N. C., 670; Revisal 1905, sec. 629.

At the time of his entry in May, he had still the right to enter and cut for a month and seven days, until 5 July, 1911, and if such interest has been wrongfully interfered with by defendant, giving him a right to legal redress, he may recover for the damages done attributable to defendant's wrong.

The estate having expired by limitation on the facts as presented, relief by ejectment or mandatory injunction may not now be open to him; but he is entitled to the present pecuniary value of his interest, and may recover, in any event, for the profits of all timber which he might have cut and removed within the time, using the means then at hand or reasonably available to him. *McEllwee v. Blackwell*, 94 N. C., 261; *Haskins v. Royster*, 70 N. C., 601; *Carew v. Rutherford*, 106 Mass., pp. 10 and 11; 1 Comyn's Digest, p. 272.

In *Haskins' case, supra, Rodman, J.*, quotes with approval from Comyn's Digest as follows: "Action on the case, A, p. 272: In all cases where a man has a temporal loss or damage by the wrong of another, he may have an action upon the case to be repaired in damages." And in *Carew's case, Chapman, C. J.*, cites with approval Bacon's Abridgment, Actions in the case, E: "If A, being a mason and using to sell stones, is possessed of a certain stone pit, and B, intruding to discredit it and deprive him of the profits of his said mine, imposes so great threats upon his workmen and disturbs all comers, threatening to maim and vex them with suits if they buy stones, so that some desist from working and others from buying, A shall have an action on the case against B, for the profit of his mine is thereby impaired." And further: "The illustrations given, in formal terms, relate to such methods of doing injury to others as were then practiced and to the kinds of remedy then existing; but if new methods of doing injury are invented in modern times, the same principles must be applied to them in order that peaceable citizens may be protected in the enjoyment of their rights and privileges and existing forms of remedy must be used."

It is urged for defendant that plaintiff, a purchaser at execution sale, is required to first assert his claim by action; the possession of defendant being regarded as adverse. There is doubt if the principle applies to a case like the present, where a separate interest has been created by deed conveying timber, as there is no reason why the occupation of one is not consistent with possession by the other. (*Jefferson v. Lumber Co.*, 165 N. C., 46); but if the position be conceded, it may not avail the defendant here, as the testimony shows plaintiff was in the possession and enjoyment of his right when he was interfered with by the wrong of the defendant.

There is error, and the cause must be submitted to the jury.

New trial.