### J. A. DAVIS v. J. E. HARRIS.

(Filed 10 September, 1919.)

**1. Contracts— Writings— Statute of Frauds— Timber— Deeds and Conveyances.**

The principle that contracts to cut and remove standing timber upon lands is not enforceable unless in writing applies only to executory contracts.

**2. Same—Breach—Damages.**

Where a parol executory contract to cut and remove standing timber upon lands at a certain price has not been reduced to writing and signed by the parties, etc., the grantor may not maintain his action for damages upon the ground that his contract was for the cutting of all the merchantable timber, and that the defendant had only cut the select timber at the agreed price; but after the timber has been cut and removed from the land the plaintiff may either recover the full injury to the lands from the trees cut down or removed or the full value thereof, unless he had otherwise agreed.

**3. Same—Damages Minimized—Evidence.**

Where an executory contract to cut timber standing upon lands is void because not in writing, etc., the grantor may recover damages to the land caused by the grantee's cutting certain trees thereon and permitting

them to remain and rot, the severed trees being personalty; and though the grantor may be required to sell the trees to minimize his damages, he may prove an agreement of the grantee to take them at a certain price, as a reason why he has not done so.

APPEAL by plaintiff from *Bond, J.,* at June Term, 1919, of BUNCOMBE.

The plaintiff by oral contract sold to the defendant the mill timber on his land, the same to be measured and paid for at the rate of $6 per thousand feet before removal. The plaintiff admits that the defendant paid at that rate for all the timber cut and removed, but alleges that the defendant cut 163 other logs which he left lying upon the land. The plaintiff further alleges that the defendant agreed that he would cut all the merchantable timber on the land, but that on the contrary he picked out the best timber, which he removed and paid for.

The defendant denies these allegations. The plaintiff brings this action upon the ground that the defendant having picked out the best timber he is entitled to be paid a higher price for the same than $6 per thousand, and also to recover the value of the logs left upon the ground and not removed. The court nonsuited the plaintiff because the contract was not in writing.

*G. M. T. Fountain & Son for plaintiff.*
*Allsbrook & Phillips for defendant.*

CLARK, C. J. A contract to cut and remove timber is not enforceable unless in writing, *Mizell v. Burnett,* 49 N. C., 252. But this applies to executory contracts only.

It appears in the record that it is admitted by both parties that there was no contract or memorandum of sale in writing; that all trees cut by defendant and removed were measured and paid for at $6 per thousand, but that the defendant cut other trees which were not measured or paid for or removed from the land. It is controverted that the defendant promised to pay for them and that the logs have rotted by reason of the plaintiff relying on defendant's agreement to pay for them.

As to the first cause of action, the contract not being in writing and being denied by the defendant, the plaintiff is entitled to recover the injury to the land from the trees cut down and removed, *Archibald v. Davis,* 49 N. C., 138, or the value of the logs cut and removed as he may elect, unless he agreed to accept $6 per thousand in full payment, as alleged by the defendant. The plaintiff claims that he accepted $6 per thousand not in full settlement, but only upon condition that the defendant should cut and pay for all the timber, and that this not being done he is entitled to recover the actual damage.. This raises an issue of fact

to be passed upon by the jury. If this issue is found in favor of the plaintiff the recovery should be credited with the amount paid.

As to the second cause of action, it being admitted that the defendant cut sundry other logs and left them lying upon the ground, and the contract being denied because not in writing, the plaintiff is entitled to recover the injury to the value of the land from the trees being thus cut down and left on the ground by the defendant, *Archibald v. Davis, supra.* If the defendant had removed these logs the plaintiff would be entitled to recover the value of the same.

If it were incumbent on the plaintiff to sell the logs to minimize his loss he is entitled to show that he did not do so by reason of the agreement of the defendant, subsequent to cutting the logs, that he would remove and pay for them. By the act of the defendant in cutting the logs they became personalty, and the promise of the defendant to pay for them, if shown, would not be barred by the statute of frauds. *Green v. R. R.,* 73 N. C., 526; *Lumber Co. v. Brown,* 160 N. C., 283.

The judgment of nonsuit must to this extent be

Reversed.