JAMES C. DAVIS, DIRECTOR-GENERAL OF RAILROADS, v. MRS. LULA S. FORD, ADMINISTRATRIX OF G. W. FORD.

(Filed 30 March, 1927.)

1. **Carriers—Railroads—Freight Charges—Consignor and Consignee—Contracts.**

    A railroad company, unless by special provision of the contract of carriage, either parol or written, expressed or implied in the course of mutual dealings, may recover its freight charges for the transportation of a shipment from the consignee thereof.

2. **Same—Burden of Proof—Evidence—Questions for Jury.**

    The burden is on the consignor of a shipment by rail to show a special contract by which the company should look to the consignee for the payment of the freight charges thereon, and where relied on, it is a question for the jury to determine under the evidence.

3. **Government—Limitation of Actions—War — Carriers — Railroads — Director-General.**

    The placing of carriers under Federal control as a war measure was the creation of a governmental agency under the Director-General of Railroads, and the statute of limitations will not run against the collection of unpaid freight charges in an action of such Director-General to recover them against the consignee of the shipment.

APPEAL by plaintiff from *Bond, J.,* at August Term, 1926, of FRANKLIN. Reversed.

The complaint is that defendant is indebted to plaintiff in the sum of $99.68, freight charges on a shipment of lumber. In May, 1918, while

the Seaboard Air Line Railway Company was being operated by the United States Government, acting through the Director-General of Railroads, G. W. Ford shipped a car of lumber to George W. Montgomery, Commanding Officer, Frankford Arsenal, Philadelphia, Pa. The freight was not paid either by consignor or consignee. The action is against the administratrix of consignor.

Defendant denied liability and plead the statute of limitation. Defendant also set up plea of express or special contract with plaintiff that consignee was to pay the freight before delivery. At the conclusion of plaintiff's evidence defendant moved the court for judgment as in case of nonsuit, which was allowed, and plaintiff excepted, assigned error and appealed to the Supreme Court.

*Murray Allen for plaintiff.*
*W. M. Yarborough for defendant.*

CLARKSON, J. "The general rule is that stipulations in a bill of lading that the goods are to be delivered to the consignee 'he or they paying freight,' or any similar provisions, are for the benefit of the carrier, so that delivery to the consignee without collection of the freight will not release the consignor from liability therefor, *unless there is some special stipulation amounting to an express agreement by which the consignor is to be exonerated.*" (Italics ours.) Note: 24 A. L. R., 1163, annotated under *N. Y. Central R. R. Co. v. Warren Ross Lumber Co.,* 234 N. Y., 261; *Railway Co. v. Coal and Coke Co.* (W. Va.), 65 L. R. A. (N. S.), 663; *Spencer v. White,* 23 N. C., p. 236; *R. R. v. Latham,* 176 N. C., p. 417. The United States Supreme Court and the weight of authorities sustain the above rule.

"The obligation to require payment for the goods, as a condition of their delivery, does not arise from the implied duty of the carrier. It must rest upon contract, either express or implied from the circumstances. . . . And such contract may be verbal, and need not be incorporated in the carrier's receipt." Vol. 2, Hutchinson on Carriers, 3 ed., p. 811. See discussion in this work, pages 806 to 811.

The defendant contends that there was an *express or special* contract on the part of the railroad company with defendant's intestate that it would collect the freight from the consignee before the delivery of the lumber. That the case does not turn upon any general rule or upon the terms of any particular bill of lading, but must be determined in accordance with the agreement of the parties under the express or special contract made by them in respect to this particular shipment.

The defendant further contends that plaintiff's evidence showed, by direct, circumstantial and implication, that there was a special or

express contract that the carrier was to collect the freight from the consignee before delivery, and that all the evidence introduced was to that effect, therefore the nonsuit of the court below was correct.

On the other hand, it is contended by the plaintiff that as to whether or not there was a special or express contract was a question of fact to be determined by the jury from the evidence; that this special or express contract was a matter in dispute.

Without commenting on the probative force of the evidence, we think the question of fact should have been left for the determination of a jury.

On the question ,of the statute of limitation: The Supreme Court of the United States has held in *E. I. DuPont DeNemours Co. v. Davis, Director-General of Railroads,* 264 U. S., 456, and in *Davis, Director-General of Railroads v. Corona Coal Co.,* 265 U. S., 219, that an action by the Director-General of Railroads is an action on behalf of the United States in its governmental capacity, and is subject to ˙no time limitation in the absence of congressional enactment clearly imposing it.

For the reasons given, the judgment of nonsuit is
Reversed.