(126 So. 846)
### NORTHERN ALABAMA RY. CO. v. PHILLIPS.

6 Div. 580.

Supreme Court of Alabama.

March 13, 1930.

Bankhead & Bankhead, of Jasper, for appellant.

Ernest B. Fite, of Hamilton, for appellee.

SAYRE, J.

Appellant sued appellee to recover an undercharge on a shipment of alfalfa from a station in Nebraska to Bear Creek in this state. Jury and verdict for defendant.

Authoritative decisions by the Supreme Court of the United States, interpreting and applying the federal act to regulate interstate commerce, make it entirely clear that, apart from the question of set-off to be hereafter noticed, plaintiff was entitled to judgment on the undisputed evidence. Illinois Central R.

Co. v. Henderson Elevator Co., 226 U. S. 441, 33 S. Ct. 176, 57 L. Ed. 290; New York Central & H. R. R. Co. v. U. S., 212 U. S. 500, 29 S. Ct. 309, 53 L. Ed. 624; Texas & Pacific R. Co. v. Mugg, 202 U. S. 242, 26 S. Ct. 628, 630, 50 L. Ed. 1011; Gulf, C. & S. F. Railroad Co. v. Hefley, 158 U. S. 98, 15 S. Ct. 802, 39 L. Ed. 910. In the Mugg Case, the Supreme Court of the United States followed and quoted the opinion of this court in Southern Railway Co. v. Harrison, 119 Ala. 539, 24 So. 552, 43 L. R. A. 385, 72 Am. St. Rep. 936, in which this court, considering the case of Gulf, C. & S. F. Railroad Co. v. Hefley, supra, held "that one who has obtained from a common carrier transportation of goods from one state to another at a rate, specified in the bill of lading, less than the published schedule rates filed with and approved by the Interstate Commerce Commission, and in force at the time, whether or not he knew that the rate obtained was less than the schedule rate," is liable, nevertheless, for the amount of the freight charge fixed by the published schedule of rates and charges.

We are led to believe that defendant appellee prevailed in the trial court on his plea of set-off to the following effect: That he was by his contract with the shipper bound to pay for the alfalfa on its arrival at Bear Creek a specified sum, which included the freight charge to be paid by him; that plaintiff's agent at Bear Creek informed him as to the amount of the freight charge, whereupon and in reliance upon such information he paid the shipper's draft, held for collection by the bank at Bear Creek, less the freight charge according to the information furnished by plaintiff's agent, which was $68.04 less than the charge fixed by law—i. e., the order of the Interstate Commerce Commission—with result that he paid $68.04 more to the bank for the shipper than he was required to pay by his contract for purchase, which amount he offered to set off against the like amount claimed by the plaintiff in this suit. In principle this set off was allowed in its statement of the relevant law by the court and in effect by the jury.

The plea of set-off had no better standing in a court of law than had the plea denying liability in the first place. According to the decisions of the federal court, which has paramount and indisputable authority in the matter of such questions, defendant must be conclusively presumed to have known the lawful rate and had no right to bargain for or accept a different rate. This rule the court upholds on grounds of public policy and in order to make effective the legislative prescription of rebates and contracts for special favors at the hands of common carriers. The rule works harshly in appellee's case, but so it is written. Authorities supra;

Schenberger v. Union Pacific R. Co., 84 Kan. 79, 113 P. 433, 33 L. R. A. (N. S.) 391, where it is said (note, page 392 of 33 L. R. A. [N. S.]): "It seems well settled that he [the shipper, or, as in this case, the consignee with agreement to pay the freight] cannot recover, as damages for the loss suffered, the difference between the rate which he pays and the rate as negligently misquoted [this case], upon the basis of which he may have bought and sold the commodity shipped." As the court said in Armour Packing Co. v. United States, 209 U. S. 56, 28 S. Ct. 428, 435, 52 L. Ed. 681, "considerations of inconvenience or hardship address themselves to the lawmaking branch of the government."

The judgment is reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.