R. W. WINSTON, JR., v. THE WILLIAMS & McKEITHAN LUMBER COMPANY OF VIRGINIA AND J. H. HOLLINGSWORTH.

(Filed 16 April, 1947.)

**1. Pleadings § 15—**

The office of demurrer is to test the sufficiency of a pleading, admitting for the purpose the allegations of fact contained therein and, ordinarily, relevant inferences of fact necessarily deducible therefrom.

**2. Same—**

Upon demurrer, the pleading will be liberally construed with every reasonable intendment and presumption in favor of the pleader, and the demurrer will not be sustained unless the pleading is fatally defective.

**3. Frauds, Statute of, § 9: Property § 2a: Vendor and Purchaser § 2c—**

Standing timber is a part of the realty and a contract to sell and convey timber must be in writing and executed with the same formalities as are required in the transfer of real property, and in order to be enforceable against creditors and purchasers for value, it must be probated and registered as provided by statute.

**4. Vendor and Purchaser § 5b—**

A duly executed and registered contract to convey timber creates a property right in the parties thereto, and any interference by a third party with the relation and rights created thereby is actionable.

**5. Vendor and Purchaser § 25b: Contracts § 26—**

A complaint alleging that plaintiff was the purchaser in a duly executed and registered contract to convey timber and that defendants induced the vendors to breach their contract and sell the timber to defendants, states a cause of action.

APPEAL by defendants from *Thompson, J.,* at October Term, 1946, of WAKE.

Civil action to recover damages for procuring the breach of contract to sell timber—heard upon demurrer to complaint.

Plaintiff alleges in his complaint, in brief, these facts:

That Walter P. Stallings and his wife, being the owners of a certain tract of land in Johnston County, North Carolina, executed a written contract, dated 22 March, 1944, and duly registered in Johnston County on 24 March, 1944, by the terms of which they agreed to sell and convey by deed to plaintiff certain timber on said land; that Stallings and his wife failed and refused to deliver deed and to carry out said contract, but instead sold and conveyed said timber to defendants who have cut and removed same from said land, to the damage of plaintiff; that defendants had both constructive and actual notice that plaintiff had contracted to buy said timber; that notwithstanding such notice defendants "did wrongfully, unlawfully and maliciously persuade the said Walter P. Stallings and his wife . . . to breach their contract and to sell the timber to the said defendants"; that "such interference was the direct and proximate cause of the damage suffered by the plaintiff . . ."

Defendants demurred to the complaint for that the facts alleged do not constitute a cause of action against defendants in favor of plaintiff, and for that there is no allegation that defendants made any false or fraudulent representations to plaintiff or breached any contract with plaintiff.

The court, being of opinion that the facts alleged in the complaint are sufficient to constitute a cause of action against defendants, overruled the demurrer.

From judgment in accordance therewith, defendants appeal to Supreme Court and assign error.

*Harris & Poe for plaintiff, appellee.*
*Wellons, Martin & Wellons for defendants, appellants.*

WINBORNE, J. The sole question here is as to the correctness of the action of the judge of Superior Court in overruling the demurrer to the complaint. In the light of appropriate procedure and applicable principles of law, we have opinion accordant with the ruling.

"The office of demurrer is to test the sufficiency of a pleading, admitting for the purpose the truth of the allegations of fact contained therein, and ordinarily relevant inferences of fact necessarily deducible therefrom are also admitted . . ." *Ballinger v. Thomas,* 195 N. C., 517, 142 S. E., 761. Both the statute, G. S., 1-151, and the decisions of this Court require that the pleadings be liberally construed and every reasonable intendment and presumption must be in favor of the pleader. The pleading must be fatally defective before it will be wholly rejected. *Blackmore v. Winders,* 144 N. C., 212, 56 S. E., 874; *Ins. Co. v. McCraw,* 215 N. C., 105, 1 S. E. (2d), 369, and numerous others.

The applicable principle of law is appropriately stated in *Elvington v. Shingle Co.,* 191 N. C., 515, 132 S. E., 274, in opinion by *Brogden, J.,* in this manner: "It is a violation of a legal right, recognized by law, to interfere with contractual relations, if there be no sufficient justification for the interference." And the writer quotes from *Angle v. Chicago St. P. M. & O. R. Co.,* 151 U. S., 55, as "a clear and comprehensive statement of the principle," as follows: " 'Wherever a man does an act which in law and in fact is a wrongful act, and such act as may, as a natural and probable consequence of it, produce injury to another, and which in the particular case does produce such an injury, an action on the case will lie.' " 38 L. Ed., 55. Compare *Biggers v. Matthews,* 147 N. C., 299, 61 S. E., 55; *Bell v. Danzer,* 187 N. C., 224, 121 S. E., 448; *Bruton v. Smith,* 225 N. C., 584, 36 S. E. (2d), 9.

In this connection in the present case these principles are pertinent: Standing timber is a part of the realty. *Drake v. Howell,* 133 N. C., 162, 45 S. E., 539. Hence, a contract to sell and convey standing timber is a contract for the sale of an interest in realty, *Williams v. Parsons,* 167 N. C., 529, 83 S. E., 914, and, in order to be valid and enforceable, it must be in writing and executed with the same formalities as are required in the transfer of a like interest in any other part of the land. Tiffany on Real Property, 3rd Ed., Vol. 2, Secs. 596, 598. See also

*Davis v. Harris,* 178 N. C., 24, 100 S. E., 111. Such a contract to sell and convey timber must be in writing and signed. *Mizell v. Burnett,* 49 N. C., 249; *Green v. R. R.,* 73 N. C., 524; *Drake v. Howell, supra; Davis v. Harris, supra.* And in this State in order for such a contract to be valid to pass any property right as against creditors and purchasers for a valuable consideration, it must be probated and registered as provided by statute. Chapter 47 of General Statutes. When so registered such a contract is valid and binding, and constitutes a property right in the parties thereto. *Coleman v. Whisnant,* 225 N. C., 494, 35 S. E. (2d), 647, and is enforceable even as against a third party,—a purchaser for a valuable consideration. *Combes v. Adams,* 150 N. C., 64, 63 S. E., 186; *Chandler v. Cameron, ante,* 233. Thus, where there is a duly registered contract to sell and convey timber, any interference with the relation and rights created thereby is a violation of a legal right recognized by law, *Elvington v. Shingle Co., supra,* for which an action will lie for recovery of compensatory damages.

Applying these principles to the case in hand, the complaint alleges facts tending to show the existence of a valid duly registered contract between plaintiff and Walter P. Stallings and wife for the sale and conveyance by them to him of certain timber, and that defendants, third parties, with both constructive and actual notice, "did wrongfully, unlawfully and maliciously persuade the said Walter P. Stallings and his wife . . . to breach their contract and to sell the timber to the said defendants," and that "such interference was the direct and proximate cause of damage suffered by the plaintiff." These allegations in the light of the above principles of law are sufficient to state a cause of action.

Furthermore, while the question of the sufficiency of the pleading for the recovery of punitive damages is not debated in this Court, we call attention to these cases: *Richardson v. R. R.,* 126 N. C., 100, 35 S. E., 235; *Worthy v. Knight,* 210 N. C., 498, 187 S. E., 771; *Burris v. Creech,* 220 N. C., 302, 17 S. E. (2d), 123.

The judgment below is
Affirmed.