ATLANTIC COAST LINE RAILROAD COMPANY v. WEST PAVING COMPANY AND SUPERIOR STONE COMPANY.

(Filed 29 October, 1947.)

1. Carriers § 14—

A carrier is under public duty to collect for intrastate shipments the full amount of the rates fixed in accordance with tariff schedules duly filed and approved by the North Carolina Utilities Commission. G. S., 60-5; 60-6; 60-52; 60-114.

**2. Same—**

Misquoting the correct charge or omitting a part of the established rate cannot estop a carrier from enforcing full payment of the established and approved rates.

**3. Same—**

While the consignor and consignee may agree between themselves as to who shall pay freight charges, such agreement cannot prevent the carrier from collecting the full amount under the applicable tariff schedules from any party legally liable therefor.

**4. Same—**

In a carrier's action against the consignees to recover the amount of an undercharge, allegations of the answer as to the contractual liability of the consignor to the consignees and of negligence of the carrier in misquoting the correct charge or in omitting a part of the established rate, as a basis for a plea of estoppel against the carrier, are properly stricken from the answer upon motion. The allegations in the consignees' cross-action against the consignor, joined as a party defendant at instance of the consignees, relating to their respective contractual obligations, are not affected by the allowance of the carrier's motion.

**5. Same—**

In an action by a carrier against the consignees to recover an undercharge, the consignees' demurrer for failure of the carrier to make the bills of lading a part of the complaint and for failure to join the consignor and allege that as between consignees and consignor, consignees were solely or primarily liable, was properly overruled.

**6. Same—**

The acceptance of delivery of shipments by the consignees imports liability for the transportation charges.

Appeal by defendant West Paving Company from *Morris, J.,* at June Term, 1947, of Lenoir.    Affirmed.

Plaintiff sued to recover unpaid transportation charges on 498 carloads of stone. These shipments originated on the lines of plaintiff Atlantic Coast Line Railroad Company, having been received from defendant Superior Stone Company at Belgrade, N. C., and were transferred at Havelock yard to plaintiff's connecting carrier, the Atlantic & East Carolina Railway Company, for delivery to consignee, defendant West Paving Company, at U. S. Marine Air Station at Cherry Point, N. C. It was alleged in the complaint that these shipments were received and transported by plaintiff and connecting carrier under plaintiff's straight bills of lading upon which were notations that all freight charges thereon had been prepaid; that the line-haul freight rate was paid by defendant Paving Company through its consignor, the Superior Stone Company, on each of these shipments, but that pursuant to tariff sched-

ules duly filed with the North Carolina Utilities Commission, the Atlantic & East Carolina Railway Company was entitled to receive the sum of $5 per car for switching services between Havelock yard and the Marine Air Station at Cherry Point, and that plaintiff having received the shipment as prepaid became obligated to its connecting carrier for the lawful switching charges in connection with the transportation and delivery to defendant Paving Company, and has paid the same in the sum of $2,490. It was alleged "that the defendant (Paving Company), having undertaken and obligated itself to prepay the freight charges upon said 498 carloads of Roc Stone, was and is liable for all lawful charges incurred in connection with the transportation and delivery thereof to it under plaintiff's respective bills of lading, including the switching charges of Atlantic East Carolina Railway Company at the rate of $5 per car," and that defendant Paving Company has not paid this charge to the plaintiff or its connecting carrier.

On motion of defendant Paving Company the Superior Stone Company was made party defendant, and has filed answer. The defendant Paving Company filed an amended answer in which it alleged, among other things, that under its contract with defendant Stone Company the latter was obligated to pay all the freight charges on these shipments, and that the Stone Company's bills, including all freight charges except the switching charges, were paid in full by defendant Paving Company, and upon that basis defendant Paving Company bid on paving contracts with U. S. Government and has been paid in full therefor without being advised of the switching charges now claimed, and that under its contract the Stone Company was primarily liable for all freight charges, and that the plaintiff Atlantic Coast Line Railroad Company was and is estopped now to claim payment from the defendant Paving Company.

Defendant Paving Company, further answering, and by way of cross-action against the defendant Stone Company, alleged that if defendant Paving Company be in law held liable to the plaintiff, then defendant Paving Company is entitled to recover such sums from the defendant Stone Company.

The plaintiff thereupon entered motion to strike such portions of the defendant Paving Company's amended answer as alleged in defense to plaintiff's action against it for unpaid freight charges its contract with defendant Stone Company, and also all allegations of estoppel as against the plaintiff. The motion was allowed, and defendant Paving Company excepted and appealed.

In this Court the defendant Paving Company demurred *ore tenus* to the complaint as not stating a cause of action, for that (a) the bills of lading covering the shipments were not made part of the complaint, (b) the consignor was not made party defendant, (c) and it was not alleged

that defendant consignee had assumed obligation to pay the charges, or (d) that consignor was to be relieved of liability, or (e) that consignor had agreed to assume only secondary liability.

*V. E. Phelps, W. B. R. Guion, and F. E. Wallace for plaintiff, appellee.*

*Whitaker & Jeffress and Allen & Allen for appellant, West Paving Company.*

DEVIN, J.   It is conceded that the freight charges here sued for were those contained in the legally applicable tariff schedules filed with the North Carolina Utilities Commission and were in effect at the time of the shipments referred to.   Hence it follows that under well settled principles of law and in accord with the statutes enacted to prevent rebates and discrimination among shippers, and to provide equal and impartial service to all alike (G. S., 60-5; 60-6; 60-52; 60-114; 49 U.S.C.A. sec. 41 (3)), it was the duty of the plaintiff as a common carrier of freight to collect the full amount at the correct rate for transportation, and where a lawful charge therefor was negligently omitted, or rate misquoted, resulting in undercharge, the carrier was equally bound to exhaust all legal remedies to require payment in full of the proper charge.   *Cotton Mills v. R. R.,* 178 N. C., 212, 100 S. E., 341; *Davis v. Gulley,* 188 N. C., 80, 123 S. E., 18.   The rates fixed in accordance with the tariff schedules duly filed and approved by the North Carolina Utilities Commission as to intrastate shipments, or by the Interstate Commerce Commission as to interstate shipments, are binding not only upon the carrier but also on consignor and consignee.   *R. R. v. Latham,* 176 N. C., 417, 97 S. E., 234; *Cotton Mills v. R. R.,* 178 N. C., 212, 100 S. E., 341; *R. R. v. Armfield,* 189 N. C., 581, 127 S. E., 557; *Pittsburgh C. C. & St. L. R. Co. v. Fink,* 250 U. S., 577; *Louisville & N. R. Co. v. Maxwell,* 237 U. S., 94; *Kansas City Sou. R. Co. v. Carl,* 227 U. S., 639; *Southern Ry. Co. v. Herndon* (S. C.), 179 S. E., 306.   Since the carrier is required under penalty to collect the full amount of the commission-fixed rates, payment in accord therewith is not merely a private obligation between shipper and carrier, but the duty to pay is a public one.   *Steele v. Gen. Mills, Inc.,* 91 Law. Ed. Adv. Opinions, 315 (decided 6 January, 1947); *Houston & T. C. R. Co. v. Johnson,* 41 S. W. (2d), 14, 83 A. L. R., 241.   Hence the carrier may not be prevented by plea of estoppel from the performance of a public duty.   Notwithstanding the negligence of the carrier in misquoting the correct charge, or omitting a part of the established rate, it may not be held estopped thereby from enforcing payment of the undercharge.   *R. R. v. Latham,* 176 N. C., 417, 97 S. E., 234; *Cotton Mills v. R. R.,* 178 N. C.,

212, 100 S. E., 241; *Davis v. Gulley, supra; Texas & Pac. R. Co. v. Mugg & Dryden,* 202 U. S., 242; *Kansas City Sou. R. Co. v. Carl,* 227 U. S., 639; *Steele v. Gen. Mills, Inc., supra; Pittsburgh C. C. & St. L. R. Co. v. Fink,* 250 U. S., 577. While the tariffs do not prescribe who shall pay the freight charges and while the parties to the shipment, the consignor and consignee, are free to stipulate as between themselves who shall pay, an agreement between them may not be held to prevent the carrier from collecting the full amount according to the rate fixed from any party legally liable therefor. *R. R. v. Latham,* 176 N. C., 417, 97 S. E., 234; *Illinois Steel Co. v. Baltimore & Ohio R. Co.,* 320 U. S., 508; *Steele v. Gen. Mills, Inc., supra; Gardner v. Rich Mfg. Co.* (Cal.), 158 P. (2d), 23.

Hence the ruling of the court below will be upheld in allowing the motion to strike from the answer of defendant Paving Company those allegations which attempted to set up as a defense to plaintiff's action to collect the lawful freight charges a contract with its codefendant whereby it sought to exempt itself from liability therefor, or which attempted to allege facts as the basis of a plea of estoppel against the maintenance of this action against this defendant. The court below properly ruled to confine the pleadings to justiciable issues.

The allegations contained in defendant Paving Company's cross-complaint against the defendant Stone Company are not included in the portions of the answer ordered stricken, and are not affected by the ruling below.

Defendant Paving Company's demurrer *ore tenus,* interposed on the hearing in this Court, on the grounds set out in the defendant's brief, may not be held sufficient to overthrow the complaint, and must be overruled. *Winston v. Lumber Co.,* 227 N. C., 339, 42 S. E. (2d), 218; *Blackmore v. Winders,* 144 N. C., 212, 56 S. E., 874. The right of the plaintiff to sue the defendant Paving Company, the consignee of the shipments referred to, under the allegations of the complaint, may not be denied. *R. R. v. Armfield,* 189 N. C., 581, 127 S. E., 557; *Davis v. Gulley,* 188 N. C., 80, 123 S. E., 318; *R. R. v. Iron Works,* 172 N. C., 188, 90 S. E., 149; *Pittsburgh C. C. & St. L. R. Co. v. Fink,* 250 U: S., 406; *Louisville & N. R. Co. v. Central Iron & Coal Co.,* 265 U. S., 59; *Western Grain Co. v. St. Louis-San Francisco R. Co.,* 56 F. (2d), 160; *Transportation Co. v. Chemical Co.,* 148 F. (2), 777; *Northern Alabama R. Co. v. Phillips,* 220 Ala., 541; *New York C. R. Co. v. Stanziale,* 105 N. J. L., 593; 83 A. L. R., 249 (annotation). The acceptance of delivery of the shipments by the consignee imports liability for the charges for the transportation. *Illinois Steel Co. v. Baltimore & Ohio R. R. Co.,* 320 U. S., 508.

The case of *R. R. v. Simpkins and others,* 178 N. C., 273, cited by appellant, is not in point. The only parties whose liability was considered by the court in that case were the bank which paid the draft and the mortgagor of the goods shipped. No judgment was asked against the consignor and the liability of the consignee was not involved. In *Davis v. Ford,* 193 N. C., 444, the Court considered the effect of an express or special contract between carrier and consignor providing the consignee should pay all charges before delivery. See *Illinois Steel Co. v. Baltimore & Ohio Railroad Co., supra.*

We do not think the plaintiff's complaint in this case should be rejected as fatally defective upon either of the grounds stated in the demurrer.

We conclude that the ruling of the court below must be

Affirmed.