ALMON, Justice.
Clifford Mobley and Alfonso Young appeal from a judgment on the pleadings, which held that the “filed rate doctrine” bars the claims they had attempted to state in their putative class action. The complaint alleges that AT&T Corporation fraudulently misrepresented its billing practices and suppressed *368 the fact that it rounds up to the next minute its charges for long distance telephone calls.
The filed rate doctrine, otherwise known as the “filed tariff doctrine,” “ ‘forbids a regulated entity to charge rates for its services other than those properly filed with the appropriate federal regulatory authority.’ Arkansas Louisiana Gas Co. v. Hall, 453 U.S. 571, 577, 101 S.Ct. 2925, 69 L.Ed.2d 856 (1981).” Marcus v. AT&T Corp., 138 F.3d 46, 58 (2d Cir.1998). “Under that doctrine, ‘[t]he [customer’s] knowledge of the lawful rate is conclusively presumed.’” Marcus, 138 F.3d at 63, quoting Kansas City S. Ry. v. Carl, 227 U.S. 639, 653, 33 S.Ct. 391, 57 L.Ed. 683 (1913) (brackets in Marcus). In Marcus, the Court of Appeals for the Second Circuit thoroughly discussed and rejected claims against AT&T that are indistinguishable from those at issue here. This Court, following binding precedent from the United States Supreme Court, has applied the filed rate doctrine. Northern Alabama Ry. v. Phillips, 220 Ala. 541, 126 So. 846 (1930) (also to the effect that a carrier, or other regulated entity, cannot charge rates other than those in the filed tariff).
AT&T has filed tariffs with the Federal Communications Commission stating:
“Additional Minute — Additional Minute is the rate element used to bill for the chargeable time when [a long distance telephone] call continues beyond the initial period. Additional Minute begins when the initial period ends (e.g., with the second minute of a call for which the initial period is one minute). Additional Minute rates apply to each additional minute, or any fraction thereof, that chargeable time continues beyond the initial period.”
AT&T Communications Tariff F.C.C. No. 1, 7th revised, p. 51, effective Nov. 13, 1993 (emphasis added). Later tariffs speak of “additional period” because some pay-telephone calls are given an additional period of three minutes. However, “The additional period for all other calls is one minute,” and the revised tariff concludes, “Additional rates apply to each additional period, or any fraction thereof, that chargeable time continues beyond the initial period.” AT&T Communications Tariff F.C.C. No. 1, 8th revised, p. 51, eff. Aug. 19,1994 (emphasis added).
Thus, the tariffs filed for the periods at issue in this action clearly stated that charges would accrue for each minute “or any fraction thereof’ that a call continues. According to the filed rate doctrine, the customer’s knowledge of this rate is “conclusively presumed.” Kansas City S. Ry. v. Carl, 227 U.S. at 653, 33 S.Ct. at 395, 57 L.Ed. at 688; Marcus v. AT&T Corp., 138 F.3d at 63.
The plaintiffs here say that the filed tariff doctrine does not bar their claims because they are not challenging the rates, but are only arguing that if the practice of rounding up had been disclosed then the plaintiffs could have purchased their long distance service from another carrier that charged in increments of less than a minute. However, the conclusive presumption that the plaintiffs knew of the filed rate bars these claims. Moreover, under the facts alleged, the conclusive presumption is entirely consistent with the facts, because telephone customers receive statements that bill only in increments of a minute. As the New York Supreme Court, Appellate Division, said in a similar case, “no reasonable consumer would have been deceived into believing that he was being billed by the second, when his monthly statements contained no charges for calls of less than a full minute, and when common sense told him that a call of less than one minute was not free.” Porr v. NYNEX Corp., 230 A.D.2d 564, 576, 660 N.Y.S.2d 440, 447 (1997), appeal denied, 91 N.Y.2d 807, 669 N.Y.S.2d 260, 692 N.E.2d 129 (1998) (table). The Court of Appeals for the District of Columbia Circuit stated in rejecting similar claims:
“MCI lists the length of each phone call in whole-minute increments — -which, the court notes and counsel for Aiicke confirmed at oral argument, is how long-distance service has always been listed and billed until some companies began recently to bill in smaller increments. Because no reasonable customer could actually believe that each and every phone call she made terminated at the end of a full minute, the customer must be aware that MCI charges in full-minute increments only. According *369 ly, MCI’s billing practices could not mislead a reasonable customer.”
Alicke v. MCI Communications Corp., 111 F.3d 909, 912 (D.C.Cir.1997).
The circuit court properly entered a judgment on the pleadings for AT&T Corporation. See Rule 12(c), Ala. R. Civ. P.[1]
AFFIRMED.
HOOPER, C.J., and HOUSTON, COOK, and LYONS, JJ., concur.

. The plaintiffs do not contend on appeal that the motion should have been treated as a summary judgment motion on the basis that the defendant relied on matters outside the pleadings, see Rule 12(c). Arguments on this point were made below, and the plaintiffs sought discovery before a summary judgment hearing could be held. Even if attaching the filed tariff excerpts to the motion for a judgment on the pleadings constituted submitting matters outside the pleadings, we see no error. No issue is made as to the authenticity of those tariffs, and, based on them, one must conclude that there is no genuine issue sis to any material fact and that the defendant is entitled to a judgment as a matter of law. See Rule 56(c)(3), Ala. R. Civ. P. There is no contention or indication that any further discovery could have changed this result.