ATT Corporation filed an action alleging that Emperor Clock Company, Inc., had breached its contract to purchase at least a stated minimum amount of long-distance telephone service from ATT over 36 months. Emperor filed a counterclaim alleging breach of contract and fraud in the inducement of the contract. The circuit court entered a summary judgment for ATT on the counterclaim, holding that the claims asserted therein were barred under the "filed-rate" doctrine and were preempted by the jurisdiction of the Federal Communications Commission (FCC) and the Alabama Public Service Commission (APSC). The court made the summary judgment final, pursuant to Rule 54 (b), Ala. R. Civ. P., and Emperor appealed.
The evidence, viewed in a light most favorable to Emperor, indicates that in April 1994 ATT represented orally and in writing that if Emperor switched its long-distance service to ATT, then Emperor would reap substantial savings on its long-distance bill. Based on these representations, Emperor agreed to use at least $72,000 in long-distance service over the life of the contract, 36 months. When Emperor discovered that it was actually paying more for long-distance service than it had paid with its previous provider, Emperor terminated the contract. Emperor paid $24,511.03 for the long-distance service it had used. ATT brought this action against Emperor for the balance remaining under the contract, which it alleged to be $47,488.97. Emperor filed a counterclaim alleging, in the alternative, that ATT either had breached the contract or had procured the contract by fraud.
The "filed-rate" or "filed-tariff" doctrine arose many years ago. See Kansas City Southern R. v. Carl, 227 U.S. 639,33 S.Ct. 391, 57 L.Ed. 683 (1913). The doctrine was established to prevent regulated, monopolistic interstate transportation and communications companies from discriminating *Page 42 
among their respective customers with respect to rates for particular services. These regulated industries are required by law to file a tariff with the appropriate regulatory body, such as the FCC and the APSC, that sets forth in detail the rates to be charged and the services to be provided under various sets of circumstances. Once a company files a tariff, the company is forbidden from deviating from the rates contained therein. Under the filed-rate doctrine, a consumer of the regulated service is conclusively presumed to have notice of the contents of the tariff and may not claim that it is entitled to any rate other than the rate contained in the tariff.
In Mobley v. ATT Corp., 717 So.2d 367 (Ala. 1998), this Court affirmed a judgment on the pleadings for the defendant. The plaintiffs had alleged "that ATT Corporation fraudulently misrepresented its billing practices and suppressed the fact that it rounds up to the next minute its charges for long distance telephone calls." 717 So.2d at 367-68. The judgment for ATT was based on the filed-rate doctrine. This Court affirmed, noting that "the conclusive presumption that the plaintiffs knew of the filed rate bars these claims." 717 So.2d at 368.
During the pendency of this present appeal, the United States Supreme Court reaffirmed the filed-rate doctrine in a case quite similar to this one, holding that the antidiscrimination policy behind the doctrine is so important that a consumer of regulated services cannot assert a state-law claim based on alleged promises that differed from the published tariff. See AmericanTel. Tel. Co. v. Central Office Tel., Inc., 524 U.S. 214,118 S.Ct. 1966, 141 L.Ed.2d 222 (1998). In Central Office, the Supreme Court stated that "even if a carrier intentionally misrepresents its rate and a customer relies on the misrepresentation, the carrier cannot be held to the promised rate it if conflicts with the published tariff." 524 U.S. at ___,118 S.Ct. at 1963.
Emperor does not claim that the rate actually charged by ATT exceeded the applicable rate stated in ATT's filed tariff. Emperor argues that ATT falsely represented that Emperor would save money if it switched to ATT. Such a claim is barred by the conclusive presumption that a customer knows the filed rate.Central Office, supra; Mobley, supra.
Emperor argues that recent changes in the law have effectively repealed the filed-rate doctrine. Without discussing those changes, we simply note that they occurred after the events on which Emperor bases its claims had occurred.
Emperor's claims are barred by the filed-rate doctrine.
AFFIRMED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, COOK, SEE, and LYONS, JJ., concur.