16071, 16072.   CRITCHFIELD v. AIKIN; and *vice versa.*

1. Where the petition in an action against an employer for injury to an employee, in addition to the usual allegations as to jurisdiction, employment, etc., alleged that the employee was injured by an unsafe appliance furnished by the employer, and alleged negligence by the employer in furnishing the appliance, and orders by the general man-

ager of the employer's business to the employee to use the defective appliance, an amendment alleging that the defendant had "in his regular employ in his said plant and business . . more than 10 men, and was not operating under the workmen's compensation act," was properly allowed.

2. The question of negligence being immaterial under the workmen's compensation act, and the employer, when he refuses to operate under that act as well as when the case is brought under it, being deprived of the defense of negligence of the employee, or negligence of a fellow servant, or of assumption of risk, the amended petition was not subject to demurrer on the ground that it showed that the injury was caused by the negligence of the plaintiff or of a fellow servant.

3. Whether or not the defendant employed ten or more men within the purview of the compensation act was a question of fact, to be determined by the jury; and there was sufficient evidence to authorize the finding that this requisite number was not so employed.

4. The record discloses no reversible error in the rulings or the charge of the court.

DECIDED APRIL 14, 1925.

Action for damages; from Glynn superior court—Judge Highsmith.   October 11, 1924.

Charles W. Critchfield sued L. R. Aikin for damages on account of personal injuries.   So much of the petition as is necessary to an understanding of the decision may be summarized as follows: (1) Defendant is a resident of Glynn county, Georgia.   (2) On September 7, 1922, plaintiff was employed by defendant as a mechanic at the sawmill of defendant in Wayne county, Georgia. (3) About three weeks prior to September 7, 1922, plaintiff stated to Mr. G., "the general manager in charge of defendant's mill, that raw-hide lacing was needed for the belts; to which" Mr. G. "replied that leather lacings were not necessary, that bed-ticking could be used.   Petitioner complained that bed-ticking was not safe, to which" Mr. G. "replied, 'Where have you been?   Bed-ticking is as good lacing as raw-hide.   I have used it many and many a day. Use that and go on with the work.'"   (4) On the morning of September 7, 1922, plaintiff sent to the commissary of the mill for leather lacing, and said that either Mr. G., the general manager, or Mr. Downing Aikin, defendant's son, sent him some hickory-stripe shirting to be used as lacing for the belt.   (5) Plaintiff used said shirting for belt-lacing, and between the hours of 7 a. m. and 4 p. m. of September 7, 1922, the belting broke about six times.   At about 4 p. m. of the same day, while plaintiff was standing by the side of the belt, reaching over to oil a bearing of

the saw-mandrel, suddenly and without warning the belt broke, struck him in the face, and permanently injured him. (6) The nature and extent of the injury are given. (7) The plaintiff's age and earning capacity are stated. (8) Defendant was negligent in the following particulars: (a) Defendant did not furnish petitioner with a safe and suitable piece of belting. (b) He did not furnish plaintiff with raw-hide lacing to be used as belting. (c) The hickory-stripe shirting furnished was not sufficiently strong for the use and work intended.. (d) Defendant did not furnish to plaintiff and his fellow employees safe and suitable appliances for the use and work intended. (9) Plaintiff was damaged in the sum of $15,000.

The defendant demurred to the petition, because: (1) Its allegations did not authorize a recovery against the defendant. (2) The petition showed that the plaintiff's injury was occasioned by his failure to exercise ordinary care, and that by the exercise of such care he could have avoided the consequences of the defendant's alleged negligence. (3) The petition showed that the condition of the belt was obvious to the plaintiff; that the plaintiff knew of the alleged defects and assumed the risk incident to his employment. (4) "It appears from the petition that any injury suffered by plaintiff outside his own acts was due to the acts of a fellow servant."

On May 12, 1924, the plaintiff amended his petition by adding the following paragraphs: "That on September 7, 1922, and prior thereto, the defendant, L. R. Aikin, had in his regular employ in his said plant and business at Mount Pleasant more than ten men, and was not operating under the workmen's compensation act." On May 20, 1924, an amendment substantially as follows was allowed without objection: Said sawmill was part and parcel of defendant's turpentine plant, utilized for making barrel-staves for use in said plant and in the turpentine business of one John Young, for manufacturing lumber for the construction and repair of all buildings, fences, and houses on defendant's property at Mount Pleasant, and for the construction of other buildings in the community.

·To the allowance of the amendment of May 12, 1924, the defendant objected, because: (1) It undertook to change the cause of action set up in the plaintiff's petition, and to set out a new and

distinct cause of action. (2) It was immaterial and, if allowed, would not, with the original petition, constitute a cause of action. To the ruling allowing the amendment the defendant duly excepted. He likewise excepted to the overruling of his original demurrer to the petition as amended. The case went to the jury, the trial resulted in a verdict and judgment for the defendant, and the plaintiff filed a motion for a new trial, which was overruled, and he excepted. A cross-bill of exceptions was filed by the defendant.

*W. B. Gibbs, F. M. Scarlett, Oliver & Oliver, John Z. Ryan*, for plaintiff.

*D. M. Clark, James R. Thomas & Son, Conyers & Wilcox*, for defendant.

LUKE, J. (After stating the foregoing facts.) In view of the insistence of the defendant that the allowance of the amendment of May 12th was error, and that the overruling of his demurrer to the petition as amended was likewise error, we deem it proper to discuss these questions first.

In the light of the law, the original petition specified the duty of the defendant to furnish plaintiff with suitable appliances to carry on the work of running the sawmill, a definite breach of that duty by supplying inferior belting and unsuitable belt-lacing, and consequent injury to plaintiff by such breach of duty. The amendment neither changed the original cause of action nor set up a new one. It merely deprived the defendant of certain defenses hereinafter enumerated. The amendment was properly allowed. We think this conclusion is sustained in principle by the reasoning in the case of *Ellison* v. *Georgia Railroad Co.*, 87 *Ga.* 691 (13 S. E. 809).

The amendment being properly allowed, the next question is: Did the original petition, with the amendment, set out a cause of action? Conceding that the plaintiff was negligent in using defective lacing for the belt, with knowledge of the defect, what then was the effect of the amendment? Certainly to deprive defendant of the following defenses: (*a*) that the employee was negligent; (*b*) that the injury was caused by the negligence of a fellow employee; (*c*) that the employee had assumed the risk of the injury. Workmen's compensation act, Ga. L. 1920, p. 167, sections 16, 67. The defendant says, however, that the original petition affirmatively shows that plaintiff was precluded from recovery, and that while

the amendment would exclude the enumerated defenses, it could not have the effect of perfecting the petition. If the effect of the compensation act is to preclude the defendant from making the defenses stated in section 16 thereof, surely it would be quibbling to say that because, in truly and accurately stating his case, the plaintiff showed that he was negligent, or that his injury was caused by the negligence of a fellow servant, or that he assumed the risk of his employment, he could not recover. To take this view would oftentimes nullify the effect of the act, and deprive an honest plaintiff of his legal rights. One of the main objects of the workmen's compensation act was to enable an injured employee to recover from an employer when, of course, he comes under the act, according to a scheduled and limited rate of compensation, regardless of assumption of risk or of whose negligence caused the injury; thus assuring the employee of some compensation for the injury and assuring the employer that his liability will be limited. This being true, the plaintiff, in order to have a cause of action under the workmen's compensation act, or where the employer refuses to operate under the act, need not have a cause of action under the laws applicable where the workmen's compensation act is not involved; and to hold that a petition under this act must set out a cause of action under the laws pertaining to negligence would defeat the very object of the act. The amendment absolved plaintiff from the force of the very laws invoked by the demurrer, and the demurrer to the petition as amended was properly overruled.

We will next consider the general grounds of the motion for a new trial. In his answer the defendant put the plaintiff to proof of the material allegations of his petition, set up that plaintiff was the superintendent and manager, and pleaded: (a) contributory negligence, (b) assumption of risk, and (c) accident and failure to exercise due care. Was the verdict for the defendant sustained by the evidence? We think so. Whether or not the defendant employed ten or more men within the purview of the compensation act was a question of fact for determination by the jury, and a careful examination of the record convinces us that the jury had the right to conclude that the requisite number of men were not so employed. If the jury did reach this conclusion, the defendant was let into all of his defenses, and the evidence was

ample to sustain the verdict. It is perfectly apparent that if the jury had found that the requisite number of men were employed (the evidence being uncontradicted that the defendant failed to take out insurance), the defense would have been obliterated, and the only logical result would have been a verdict for plaintiff. The conclusion is therefore irresistible that the jury found that the defendant was not affected by the compensation act.

The verdict is sustained by the evidence; the record discloses no reversible error in the court's ruling upon the evidence or in the charge.

*Judgment on both bills of exceptions affirmed. Broyles, C. J., and Bloodworth, J., concur.*