16986.   FULTON BAKERY INCORPORATED *v.* WILLIAMS.

JENKINS, P. J.   Under section 16 of the Georgia workmen's compensation
law, an employer who might be subject to the provisions of the act, but
who elects not to operate thereunder, is deprived of the following de-
fenses: (*a*) that the employee was negligent; (*b*) that the injury was
caused by the negligence of a fellow employee; (*c*) that the employee
had assumed the risk of the injury.  Thus, irrespective of whether or
not the provision quoted would render the defendant liable even though
the petition might show that the injury was caused by the negligence
of the plaintiff (see *Critchfield* v. *Aikin*, 33 *Ga. App.* 668 (127 S. E.
816)), in the instant case, as in the *Critchfield* case, the petition not
only sets forth negligence on the part of the defendant in failing to
comply with its duty to furnish the plaintiff with reasonably safe and
suitable appliances for carrying on the work of his employment, but
sets forth an additional act of negligence on the part of the employer
in giving to the plaintiff a negligent command.  Thus, under the appli-
cation of the quoted provision of the statute, any negligence of the
employer in continuing to operate the dangerous appliance or in com-
plying with the negligent command of the master would not defeat a
recovery.  Even were the case to be determined irrespective of such
provision of the workmen's compensation act, since questions of prox-
imate cause are peculiarly within the province of the jury to determine,
it could not be said as a matter of law that the petition in the instant
case shows on its face that the injury was brought about by the plain-
tiff's own negligence.  See, in this connection, *Hood* v. *Atlantic Steel Co.*,
29 *Ga. App.* 457 (115 S. E. 917).  Accordingly the court did not err in
refusing to dismiss the petition on demurrer.

*Judgment affirmed.  Stephens and Bell, JJ., concur.*

DECIDED SEPTEMBER 14, 1926.

Damages; from Fulton superior court—Judge Humphries.  No-
vember 6, 1925.

*Jones, Evins, Moore & Powers,* for plaintiff in error.

*G. H. Cornwell, W. C. Munday,* contra.