TAYLOR *v.* TRUSTEES OF JESSE PARKER WILLIAMS HOSPITAL.

No. 13180. MAY 23, 1940.

354

*Royall, Gosney & Smith* and *James A. Branch,* for plaintiff.
*Spalding, Sibley, Troutman & Brock,* for defendant.

ATKINSON, Presiding Justice. ■ "An absolute or fee-simple estate is one in which the owner is entitled to the entire property, with unconditional power of disposition during his life, and which descends to his heirs and legal representatives upon his death intestate." Code, § 85-501. "An absolute estate may be created to commence in future, and the fee may be in abeyance without detriment to the rights of subsequent remainders. A fee may be limited upon a fee, either by deed or will, where the plain intention of the grantor or testator requires it, and no other rule of law is violated thereby." § 85-502. "An estate for life may be either for the life of the tenant or for the life of some other person or persons." § 85-601. "An estate in remainder is one limited to be enjoyed after another estate is determined, or at a time specified in the future." § 85-701. "Limitations of estates may extend through any number of lives in being at the time when the limitations commence, and 21 years, and the usual period of gestation added thereafter. A limitation beyond that period the law terms a perpetuity, and forbids its creation. When an attempt is made to create a perpetuity, the law gives effect to the limitations not too remote, declaring the others void, and thereby vests the fee in the last taker under legal limitations." § 85-707. In the instant case the will allows the executor ten years in which to administer the estate. When he is ready to be discharged, the duty is imposed upon him, initiatory to establishment of a hospital, to appoint trustees, who shall select a site, procure options for location of the hospital, and apply for a charter incorporating the institution, all at the expense of the estate, to be paid by the executor. The trustees so appointed by the executor should be trustees of the corporation in charge of its affairs. The offices of the trustees should be filled for special terms, with provision for continual succession and filling of vacancies by vote of the trustees. When the charter is accepted and the corporation organized, it is the duty of the trustees to receive from the executor, and his duty to pay to them, the described residue of the estate, to be applied by the trustees within ten years to the building, equipping, maintaining, and operating of the proposed hospital at which "only women, female children, and males under twelve years of age be admitted; . . except in cases of grave emergency, the necessity of which emergency always to rest with the decision of the trustees," to be "forever known" as the

"Jesse Parker Williams Hospital." The legal title vested in the trustees at the death of testatrix, with right of possession of the property postponed until acceptance and organization of the corporation, with equitable title to the property in the beneficiaries of the trust that might extend to an unlimited number of lives now in being and yet to come into existence. Such disposition of the property would create a perpetuity within the meaning of the Code, § 85-707. But the law against perpetuities has long been held not to apply to charities. Jones v. Habersham, 107 U. S. 174 (9) (2 Sup. Ct. 336, 27 L. ed. 401); Perkins v. Citizens & Southern National Bank, 190 Ga. 29 (8 S. E. 2d, 28); Murphy v. Johnston, 190 Ga. 23 (7) (8 S. E. 2d, 23).

■ "The following subjects are proper matters of charity for the jurisdiction of equity: 1. Relief of aged, impotent, diseased, or poor people. 2. Every educational purpose. 3. Religious instruction or worship. 4. Construction or repair of public works, or highways, or other public conveniences. 5. Promotion of any craft or persons engaging therein. 6. Redemption or relief of prisoners or captives. 7. Improvement or repair of cemeteries or tombstones. 8. Other similar subjects, having for their object the relief of human suffering or the promotion of human civilization." Code, § 108-203. The statute does not define or expressly mention hospitals, but in subsection 8 it includes other similar subjects having for their object the relief of human suffering. One of the "similar" subjects is relief of "poor people." It therefore includes relief of human suffering as relates to the poor. Relief of human suffering in a general sense may be accomplished through instrumentality of a hospital, but hospital benefits are not necessarily available to the poor. They may be denied to that large class of humanity for the sole reason of inability to pay. Unless the benefits extend to the poor, a hospital is not a subject of charity within the meaning of the statute. The word "similar" and the words "poor people" characterize the subject of charity as contemplated by the statute. They are in the statute and must be given effect. They can not by construction be written out of the statute as it relates to relief of human suffering through instrumentality of such an institution as a hospital, no mention of which is made in the statute. This does not mean that others than the poor or those able to pay may not be charged for benefits afforded

by the hospital where the receipts are to be applied to maintenance or operation or even enlargement or improvement of the institution. Neither does it mean that poor persons may not, for.the purposes indicated, be reasonably charged according to their ability or inability to pay. In all such circumstances the fruit of the charges will be deemed contributions to relief of human suffering as it relates to the poor. According to this statute *a hospital* is not per se a subject of charity. Whether one at all depends on requirement of hospital services rendered for relief of human suffering as it relates to the poor, and free of charge where there is inability to pay. Where such is its purpose and the hospital operates in pursuance of that purpose, it is within the meaning of the statute a subject of charity. Code, § 108-203.

The foregoing is substantially a statement, in different language, of a principle ruled in *Trust Company of Georgia* v. *Williams,* 184 *Ga.* 706 (supra), founded on and interpreting the same statute. The devise there under consideration differed from that now involved, and was held not to be a charity and to be void as violative of the law inhibiting perpetuities. That statute is the law of this State, and is. controlling on the question of what will constitute a charity within the meaning of the laws of this State. The decision, having been rendered by less than the entire bench of six Justices (two of the Justices being absent), is not a binding precedent, but on mature consideration by all the Justices it is approved. The ruling conforms to much that is said in *Richardson* v. *Executive Committee of the Baptist Convention,* 176 *Ga.* 705 (169 S. E. 18), and similar cases. In that case, however, the question was as to exemption from taxation, under the constitution and law (Code, §§ 2-5002, 92-201), of property of all institutions of "purely public charity," provided the property is not "used for purposes of private or corporate profit or income." It was not there decided that the institution was one of purely public charity, and consequently that decision is not binding as a precedent on the question of whether it is a charity within the meaning of the statute. The foregoing conclusion is not altered by the special bequests for life to or for the benefit of the testatrix's sisters, since these bequests would merely reduce the amount to be devoted as the residuum to charitable purposes.

■ "A charity once inaugurated is always subject to the super-

**358**

vision and direction of a court of equity, to render effectual its purpose and object." Code, § 108-204. "When a valid charitable bequest is incapable for some reason of execution in the exact manner provided by the testator, donor, or founder, a court of equity will carry it into effect in such a way as will as nearly as possible effectuate his intention." Code, § 108-202. In the instant case, referring to the proposed hospital, the testatrix in item XIII of the will expressed a desire "to relieve human suffering and distress," and directed "that only women, female children, and males under twelve years of age be admitted, . . except in cases of grave emergency, the necessity of which emergency always to rest with the decision of the trustees." The same desire was repeated in item XVI, in which among other things it was stated that the trustees "shall have all the rights, powers, authority, and privileges of trustees of charitable institutions under the laws of the State of Georgia." These provisions, considered as they must be in connection with all other provisions of the will, show intent of the testatrix to include the poor who are unable to pay, as being entitled to admission and to receive the benefits afforded by the hospital. It would be beyond the power of the trustees to deny poor people only because of inability to pay for the benefits intended to be bestowed for relief provided for by the will. It is further to be deduced from the provisions of the will that the testatrix intended not to exclude charges for hospital admission and service as relates to those able to pay, where the receipts derived from such charges would be applied to the operation, maintenance, and enlargement of the hospital as a charitable institution, and without any element of private gain. The testatrix is presumed to have known of the provisions of the statutes hereinabove set forth, and to have made her will with reference thereto, and with the understanding that if the trustees should fail or refuse to administer the trust for the relief of human suffering as relates to poor people, the courts of equity would cause the institution to be administered in accordance with the testamentary design. The testamentary intent manifested as it must be by all the terms of the will is controlling, and demands the conclusion that the proposed hospital in question is a proper subject of charity within the meaning of the statute. Code, § 108-203.

■ Equity has jurisdiction to carry into effect the charitable bequests of a testator, or founder, or donor, where the same are

definite and specific in their objects, and capable of being executed. Code, § 108-201. Under this law, although a bequest be intended as charity, in order that equity may be invoked to carry it into effect the bequests must be "definite and specific in their objects, and capable of being executed." As already indicated, the hospital is to be located in the State of Georgia, and administered by the trustees according to general directions and according to the laws of Georgia regulating charitable institutions. The benefits are confined to "women, female children, and males under twelve years of age; . . except in cases of grave emergency, the necessity of which emergency always to rest with the decision of the trustees." The express purpose of the testatrix was for "relief of human suffering." Such being the purpose and character of the bequest, it was sufficiently definite for administration by the trustees, subject to regulation by the court of equity. Consequently it was not void, as contended, on the ground of indefiniteness. The bequest is quite similar, though not in all respects, to a bequest "for the aid and assistance of aged females in Bibb County, Georgia, and of underprivileged children in said county," which was recently held by this court to be sufficiently definite, in *Perkins* v. *Citizens & Southern National Bank,* supra. But it is substantially different from a bequest "to the Trustees of the Dosia Head Brooks Home for Gentlewomen," which was held to be void for indefiniteness, in *Bramblett* v. *Trust Company of Georgia,* 182 *Ga.* 87 (185 S. E. 72). See *Egleston* v. *Trust Co. of Ga.,* 147 *Ga.* 154, 313 (93 S. E. 84, 878, 3 A. L. R. 295).

■ It is not deemed necessary to deal with the grounds of attack upon the residuary bequest and devise and the trust to be created thereby, further than as indicated above, except to add that not any of the grounds of attack are tenable. In the brief of the attorneys for the plaintiff the grounds of attack are thus stated: "(1) The property devised and bequeathed was not sufficient to carry out the purposes set forth in the will. (2) The provisions of the residuary devise were so vague, uncertain, and indefinite as to be void. (3) The powers given the executor and trustees as to the residuary property were so broad and unrestricted as to authorize the executor and trustees to make a will for the testator. (4) The trustees, a self-perpetuating body, have full authority under the will to create a bounty for themselves. (5) The prop-

erty devised and bequeathed was not required to be used for charitable purposes; and the devise and bequest violated the rule against perpetuities, and was therefore void."

Under the rulings stated above, the petition of the heir at law, seeking for a decree establishing an intestacy as to the residuary estate and directing its administration according to laws of descent and distribution, and for an accounting and injunctive relief, was subject to general demurrer as failing to state a cause of action. The court did not err in sustaining the demurrer to the petition as amended, and in dismissing the action.

*Judgment affirmed. All the Justices concur.*