## 18739. HARDAGE *et al. v.* HARDAGE *et al.*

ARGUED SEPTEMBER 16, 1954—DECIDED OCTOBER 11, 1954.

*R. M. Reed,* for plaintiffs in error.
*H. G. Vandiviere, Gordon M. Combs, J. G. Roberts,* contra.

MOBLEY, Justice. Code § 85-707 inhibiting perpetuities, does not apply to charities. *Taylor* v. *Jesse Parker Williams Hospital,* 190 *Ga.* 349 (1) (9 S. E. 2d 165). And manifestly the provisions to defray medical expenses of persons who because of poverty or old age are unable to pay for such services, and for educational loans to deserving persons, would constitute public charity within the meaning of Code § 108-203, unless the provisions of the attempted trust are too restricted by limiting the benefits to blood relatives and dependents of blood relatives of the testator. Whether a devise for blood relatives of a testator is a public charity is a question of first impression in this State. Courts look with special favor upon public charitable trusts. *Beckwith* v. *St. Philip's Parish,* 69 *Ga.* 564 (2). And trusts for the following classes of beneficiaries have been upheld: Poor children belonging to a county, *Newson* v. *Starke,* 46 *Ga.* 88 (3); poor girls of good families, *King* v. *Horton,* 149 *Ga.* 361 (100 S. E. 103); orphans, *Goree* v. *Georgia Industrial Home,* 187 *Ga.* 368 (200 S. E. 684); old colored people, *Houston* v. *Mills Memorial Home,* 202 *Ga.* 540 (43 S. E. 2d 680).

In 10 Am. Jur. 604, § 28, it is said: "The beneficiaries in public charities must necessarily be described in general terms. They are persons in many cases yet unborn, and particularization is out of question. Classes may be described, running down through all time, but individuals can only be designated as belonging to such classes. Testators, therefore, in their description of parties to be benefited by their public charities, must necessarily be confined to such terms as 'the aged,' 'the indigent,' 'the sick,' 'the lame,' 'the infirm,' 'the destitute,' of a certain class or of a certain territory, or 'the inhabitants of a particular place.'"

In 14 C. J. S. 449, § 16, it is said: "A gift to poor relations or for their benefit is a private gift, although it would prevent their becoming a public charge; but a gift may constitute a public charity and not a private trust, where it provides for the poor generally and gives a preference to relatives of the donor."

In a note to 131 A. L. R., p. 1277, the author, after citing and quoting authority for and against the question at issue, says on p. 1287: "Most of the cases in the United States, however, are to the effect that such a trust for descendants cannot be sustained as a charity."

In volume 3, Scott on Trusts, p. 2030, § 375.3, the author says: "In England the courts have upheld such trusts. In several cases in the United States, however, it has been held that the class of beneficiaries is too narrow and that the intended trust fails. It is believed that the American cases are based upon the better policy. There is no good reason why a man who has acquired property should be permitted to make provision for the perpetual care or education of his descendants."

And in Vol. 2, Am. Law Inst. Restatement, Trusts, p. 1162, § 375, the author says: "When the beneficiaries of the trust are limited to such a small class of persons that the enforcement of the trust is not of benefit to the community, the trust is not a charitable trust even though the purpose of the trust is the relief of poverty or the advancement of education or religion or health. Thus, a trust to assist needy descendants of the settlor, or to educate descendants of the settlor, is not a charitable trust. On the other hand, a trust for the relief of poverty or the advancement of education which is not so limited, is none the less a charitable trust although by the terms of the trust preference is to be given to descendants of the settlor."

It is true, as ably argued by counsel for the plaintiffs in error, that the word "relatives" includes as a rule a larger class than "descendants," the latter being limited to direct descendants, while the word "relatives" includes collateral kin. Yet the present devise is for the education and benefit of the poor of one family, thus making it a family matter, rather than one of general public use. It is not for the general public good, but a rather personal and private purpose permeates the whole scheme, which is not free from the selfish desires of the benefactor. The motives of the testator are not impugned, for it is a lofty ideal to wish to help and educate one's relatives. However, to establish a permanent charity for one family, and thus permit the perpetual holding together of property, which the statute against perpetuities was designed to prohibit, is not justified by the slight prospective public good that might come from educating or keeping off of the public charity rolls the poor of one family. The class is too narrow to constitute a public charity, but amounts only to a private trust, which in this instance would violate our statute against perpetuities.

In the light of what has been said, the trial court did not err in holding that the intended trust was not a public charity, and in ordering that the residuum of the estate be distributed under the laws of descent and distribution as in case of intestacy.

*Judgment affirmed. All the Justices concur.*