## 56377. VANCE v. MILLER-TAYLOR SHOE COMPANY, INC. et al.

BELL, Chief Judge.

This is a personal injury suit in which the trial court granted summary judgment to defendants. Plaintiff alleged that he purchased a pair of shoes manufactured by defendant Florsheim from co-defendant shoe store; that the shoes were defectively constructed by the manufacturer in that the heels were extremely slippery which caused him to fall and injure himself. Plaintiff also claimed that the shoe store was negligent by failing to warn him of the intrinsic hazards of the shoe heels, thereby breaching a duty of care and that the defendant store breached an implied warranty of merchantability.

Defendants answered and moved for summary judgment based on the pleadings and plaintiff's deposition. In his deposition, plaintiff testified that a small metal wedge in each shoe heel caused the fall. The morning of the fall and before the fall occurred, plaintiff

admitted he had been slipping and losing his balance while wearing the shoes. Moreover, plaintiff had previously purchased Florsheim shoes with the same kind of metal plate on the heel. Plaintiff admitted that he was aware of the nature of the heel of the shoes he was wearing, as he had had problems with the prior pair of Florsheim shoes he had purchased and had removed the metal plate from those shoes. *Held:*

1. Plaintiff bases his claim against the manufacturer under Code § 105-106 which imposes liability on a manufacturer of defective products. The evidence shows merely that the plaintiff fell while wearing Florsheim shoes. This standing alone is insufficient to create an inference of the existence of any defect in the shoe. There is nothing in the record to remotely suggest in what manner the shoes were defective. A metal plate or wedge in the heel of a shoe is a common part of a common article that is used for walking, a normal activity. *McGrew v. S. S. Kresge Co.,* 140 Ga. App. 149 (230 SE2d 119). Therefore Florsheim has made a prima facie showing that a judgment was demanded for it as a matter of law. Grant of summary judgment to Florsheim was proper.

2. Co-defendant Miller-Taylor Shoe Co., Inc., had no duty of warning plaintiff of the potential danger of slipping and falling while wearing Florsheim shoes. Under the existing facts, plaintiff had full knowledge equal to that of this co-defendant. Anyone wearing a pair of shoes is subject to slipping and falling. There is no duty on the manufacturer or seller to warn of obvious common dangers connected with the use of a product. *Poppell v. Waters,* 126 Ga. App. 385 (190 SE2d 815).

3. As we have held that the evidence demands a conclusion that the shoes were not defective, there can be no breach of an implied warranty of merchantability under Code Ann. § 109A-2—314 (2) (c) as against the co-defendant shoe store. See *Pierce v. Liberty Furniture Co.,* 141 Ga. App. 175 (233 SE2d 33).

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED SEPTEMBER 19, 1978 — DECIDED OCTOBER 30, 1978.

*Araguel, Sanders, Smith & Carter, Eugene K. Swain,* for appellant.

*Kelly, Denney, Pease & Allison, Ray L. Allison,* for appellees.