## 66383. SOUTHERN GENERAL INSURANCE COMPANY v. GAILEY et al.

BIRDSONG, Judge.

The appellee Margaret Gailey purchased an automobile in July 1980, and obtained insurance through her agent Eberhart from the appellant Southern General. The car was financed through appellee First National Bank of Cobb County and, as the lienholder, the bank was listed on the insurance policy as the "loss payee." The insurance policy was to expire by its terms on January 29, 1981; Ms. Gailey had an accident on February 5 or 6, 1981. The trial court granted summary judgment to the appellees bank and Ms. Gailey, and denied summary judgment to the appellant Southern General, upon a finding that there was no evidence that Southern General had given a notice of intent to renew the policy in accordance with OCGA § 33-24-45 (e) and (f) (Code Ann. § 56-2430.1). Southern General appeals. *Held:*

OCGA § 33-24-45 (e) (Code Ann. § 56-2430.1) provides that no insurer shall fail to renew a policy "unless a written notice of *nonrenewal* is mailed or delivered to the named insured at the address... at least 30 days prior to the expiration date of the policy...." (Emphasis supplied.) OCGA § 33-24-45 (f) (Code Ann. § 56-2430.1) provides that the aforementioned provision requiring notice of nonrenewal shall not apply if "(3) The insurer [has] manifested its willingness to renew by delivering a renewal policy, renewal certificate, or other evidence of renewal to the named insured or his representative or by offering to issue a renewal policy, certificate, or other evidence of renewal or [has] manifested such intention by any other means." Cancellation for nonpayment of premium is within the purview of OCGA § 33-24-45 (f) (Code Ann. § 56-2430.1) and without the purview of OCGA § 33-24-45 (e) (Code Ann. § 56-2430.1). *Lumbermens Mut. Cas. Co. v. Haynes,* 163 Ga. App. 288, 289 (293 SE2d 744).

Southern General presented an affidavit of its president that it mailed a notice of intent to renew the policy to Ralph Eberhart, the insurance agent for Ms. Gailey. This allegation is undisputed. The record shows that in November 1980, Eberhart sent Ms. Gailey (and there is evidence that she did receive) a note on an informal memo paper saying, "Your . . . insurance is to renew on 1/29/81. . . . Please forward your [premium] check on or before 1/29/81 to provide continuous coverage. . . ." Ralph Eberhart stated in deposition and affidavit that while he had no copy of a notice of intent to renew from Southern General in his files and could not specifically remember having received one in this case, neither could he say he did not

receive one from Southern General. Moreover, he testified that his company always received appropriate notices of intent to renew insurance policies from the appellant Southern General; and further that his agency does not offer to renew the policies of its clients without having first received a notice of intent to renew from the insurance company which has issued the policy.

Eberhart's testimony that in the usual course of his office procedures, if he had not received a notice of intent to renew, he would not have sent the memo notifying Ms. Gailey of the renewal date and the necessity that she pay the premium by January 1, 1981, in order to have continued coverage, is not on the same footing as the testimony as to office procedures which was disallowed in *Garner v. Government Emp. Ins. Co.,* 129 Ga. App. 235, 237 (199 SE2d 350). In *Garner,* the *insurer* was not permitted to sustain a finding that it sent a renewal notice by mere evidence of usual office procedure, where there was no other evidence at all of manifestation of intent to renew. The evidence in this case was that the insurer in fact sent the notice to renew to the insured's representative; and the insured's representative in fact performed a certain act giving notice to the insured, which he would not have done if the insurer had not "manifested its willingness to renew" to him. The unrefuted conclusion from the evidence is that the insurer did manifest to the insured's representative its willingness or intention to renew (OCGA § 33-24-45 (f) (3) (Code Ann. § 56-2430.1)); and further, beyond the minimum requirements of the code section, this intent was in fact manifested to the insured by her representative.

On summary judgment procedure, the burden is upon the movant to prove that there is no issue of material fact and the movant is entitled to judgment as a matter of law; and in determining whether this burden is met, the respondent is given the benefit of all reasonable doubt and favorable inferences. *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442). Here the insurer Southern General sustained its burden to prove entitlement to summary judgment. The trial court erred in granting summary judgment to the insured and erred in denying summary judgment to the insurer Southern General.

*Judgment reversed and remanded for action consistent with this opinion. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 8, 1983 —
REHEARING DENIED SEPTEMBER 22, 1983 —

*Michael J. Goldman, Paul M. Hawkins, Stephen M. Lore,* for appellant.

*Edward J. Henning,* for appellees.