### 67536. GRIFFIN v. CROWN CENTRAL PETROLEUM COMPANY et al.

POPE, Judge.

On February 18, 1981 appellant Marion Griffin stopped at a self-service gasoline station operated by Crown Central Petroleum Company to purchase gasoline for her car. After filling her tank, Griffin replaced the hose and walked around her car to go pay for her purchase. On her way, at a point directly behind her car, Griffin slipped in a puddle of oil and fell. Griffin brought suit for personal injuries against both Crown Central Petroleum Company and FLR Paints, Inc. (FLR). After a period of discovery, FLR moved for summary judgment, which motion was granted by the trial court. Thus, this appeal concerns only the grant of summary judgment to FLR.

1. Griffin bases her action against FLR upon several theories of strict product liability. The allegations are that FLR's product, H & C Concrete Stain, which was purchased and used on the driveway of Crown Central's station, was defective in that it caused the concrete at the station to be discolored in a manner which made the presence of oil on the driveway undetectable to one walking on the driveway. Further, the product is alleged to be defective because it combines with oil upon its surface to create a hazard for walking. It is also alleged to be defective because FLR failed to warn that a hazard would exist if an oil slick lay upon the surface covered by the product.

On a motion for summary judgment, the movant must prove that there exists no issue of material fact and that judgment should be granted as a matter of law. It is axiomatic that all inferences are resolved in favor of the party opposing the motion. *Southern Gen. Ins. Co. v. Gailey*, 168 Ga. App. 102 (308 SE2d 219) (1983). In answer to interrogatories, Griffin stated she "slipped on [an] oil slick." In her deposition, she testified, "I slipped and fell on the oil that was there." She further testified that the oil slick was approximately 10 inches by 10 inches; that the oil slick was shiny, and "if someone were observing the oil spot, it could have been seen, I am sure," from a distance of "six or seven feet if they were looking down [in] that direction." Griffin also retained an expert witness in mechanical and industrial engineering. The expert conducted no tests or analyses of the product in issue other than to observe it. The expert was of the opinion that the stain would apparently decrease the coefficient of friction of the concrete, but that he could not state with any degree of certainty whether Griffin would have fallen with or without the stain being on the concrete.

A manufacturer of a product may be strictly liable if a natural

person suffers personal injury proximately caused by a defect in the product, which defect existed at the time the product was sold. OCGA § 51-1-11 (b) (1); *Center Chemical Co. v. Parzini*, 234 Ga. 868 (2) (218 SE2d 580) (1975). Two basic rules govern design defect cases such as the one before us. " '(F)irst, the duty is one of reasonable care, under the circumstances; second, neither a manufacturer nor a seller is an insurer that his product is, from a design viewpoint, incapable of producing injury.' The first duty is satisfied if the product is reasonably safe for the use for which it is intended. The second rule is grounded on the proposition that virtually any article is capable of causing an injury when put to particular uses or misuses." *Greenway v. Peabody Intl. Corp.*, 163 Ga. App. 698, 699-700 (294 SE2d 541) (1982). "Generally, ' "If a manufacturer does everything necessary to make the machine function properly for the purpose for which it is designed, if the machine is without any latent defect, and if its functioning creates no danger or peril that is not known to the user, then the manufacturer has satisfied the law's demands. We have not yet reached the state where a manufacturer is under the duty of making a machine accident proof or foolproof . . . (H)e is under no duty to guard against injury from a patent peril or from a source manifestly dangerous." ' [Cits.] Nor is there a duty on the manufacturer or seller to warn of obvious common dangers connected with the use of a product. [Cits.]" *Poppell v. Waters*, 126 Ga. App. 385, 387 (190 SE2d 815) (1972).

In the case at bar, Griffin admits that she slipped upon the oil slick on the driveway, that the oil slick was clearly distinguishable, and that she could have seen it at a distance of some six or seven feet. Thus, the evidence merely shows that Griffin fell after stepping upon an oil slick. This is insufficient to show a defect or create an inference of a defect in the manufacture of the stain. See *Vance v. Miller-Taylor Shoe Co.*, 147 Ga. App. 812 (1) (251 SE2d 52) (1978). Nor does the evidence support a defect or create an inference of a defect for a failure to warn. That one may slip and fall upon a foreign substance, particularly oil, on a floor or walkway is patently obvious. There is no duty to warn of such obvious dangers. *Stodghill v. Fiat-Allis Constr. Machinery*, 163 Ga. App. 811 (295 SE2d 183) (1982).

2. Griffin's argument that the order of the trial court must be reversed because it does not affirmatively state that the court considered the entire record has been decided adversely to her in the case of *Smith v. Jones*, 154 Ga. App. 629 (1) (269 SE2d 471) (1980).

The trial court did not err in granting summary judgment to FLR for any reason assigned.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED JULY 10, 1984.

B. *Randall Blackwood*, for appellant.
*J. Rudolph Jones*, *Richard A. Marchetti*, for appellees.