68615. MOLTON et al. v. LIZELLA RECREATION
CLUB, INC. et al.
(322 SE2d 354)

SOGNIER, Judge.

Joseph C. and Delores C. Molton sued Lizella Recreation Club, Inc. and Atlanta Coca-Cola Bottling Co. after their teenage son, employed by the club as a lifeguard, was found electrocuted near a Coca-Cola machine on the club's property. The trial court granted summary judgment to Lizella Recreation Club on the grounds that charitable immunity applies and that the Moltons' exclusive remedy is a workers' compensation claim. The Moltons appeal.

1. Appellants contend the trial court erred by granting summary judgment on appellee's defense of charitable immunity. On a motion for summary judgment, the movant has the burden of proving that no issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Southern Gen. Ins. Co. v. Gailey*, 168 Ga. App. 102, 103 (308 SE2d 219) (1983). A recreation club is not a charitable institution per se, as listed in OCGA § 53-12-70 (1-7) and, there-

fore, must qualify for charitable institution status under OCGA § 53-12-70 (8). See *Taylor v. Trustees, Jesse Parker Williams Hosp.*, 190 Ga. 349, 356-57 (9 SE2d 165) (1940). To qualify for charitable institution status under OCGA § 53-12-70 (8), the organization must provide relief for those people who are unable to pay for services rendered and received, as well as for those people who are able to pay for such services. *Taylor*, supra at 356-57; *Trust Co. of Ga. v. Williams*, 184 Ga. 706, 708 (192 SE 913) (1937). Appellee failed to show that any of its facilities were available free of charge to those people who were unable to pay. Therefore, the trial court erred by granting summary judgment to appellee on its defense of charitable immunity.

2. Appellants also contend the trial court erred by granting summary judgment on appellee's defense that appellants' exclusive remedy is a workers' compensation claim under OCGA § 34-9-11. Appellants argue that appellee did not employ the requisite number of employees to qualify for workers' compensation under OCGA § 34-9-2. Appellee and appellants presented conflicting evidence regarding whether a sufficient number of appellee's workers would qualify as employees for workers' compensation coverage. Conflicting evidence which raises the issue of whether a defendant has the requisite number of employees for workers' compensation coverage creates a question of fact. *Critchfield v. Aiken*, 33 Ga. App. 668, 672 (127 SE 816) (1925). "On motion for summary judgment the court cannot try issues of fact but is only concerned with whether there are issues of fact to be tried." *Harrell v. Wilson*, 233 Ga. 899, 902 (213 SE2d 871) (1975).

Also, workers' compensation coverage requires the injury to have arisen out of and to be within the injured party's course of employment. OCGA § 34-9-1 (4); *Davis v. Houston Gen. Ins. Co.*, 141 Ga. App. 385, 386 (233 SE2d 479) (1977); *U. S. Fidelity &c. Co. v. Hamlin*, 98 Ga. App. 167, 175 (105 SE2d 481) (1958). Appellants contend that decedent's death did not arise out of decedent's employment as a lifeguard, since the death occurred while decedent was fetching ice before the pool had opened. Except in plain and indisputable cases, the question of whether an injury received by an employee was received in the course of his employment is a question of fact. *Employers Ins. Co. v. Bass*, 81 Ga. App. 306 (58 SE2d 516) (1950). Here, appellants raised a question of whether decedent's death arose out of his employment as a lifeguard. The trial court erred by granting summary judgment since genuine issues of material fact remained in appellee's defense that appellants' exclusive remedy is a workers' compensation claim.

3. Our holdings in Divisions 1 and 2 render it unnecessary for us to reach the remaining enumerations of error.

*Judgment reversed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 19, 1984.

*L. Zack Dozier, Jr.,* for appellants.

*Thomas M. Green, David L. Mincey, G. Terrell Davis,* for appellees.