## 71890. WILSON v. KEHELEY & COMPANY, INC.
### (341 SE2d 245)

BANKE, Chief Judge.

Harvey Porter was employed as a truck driver for the appellee from October of 1979 until his employment was terminated in May of 1983, during which time he was covered under appellee's group life insurance plan with Life Insurance Company of Georgia. Upon the termination of Porter's employment, the insurance company was notified, and he ceased to be covered under the plan. On June 9, 1983, Porter was re-hired by the appellee. At that time he informed appellee's office manager that he had obtained insurance from another source and that he did not want to be covered under the group plan; and on June 17, 1983, Porter executed a written waiver of participation in the group life insurance plan. He was consequently not enrolled as a member of the plan when he was killed while driving appellee's truck on July 18, 1983.

Notwithstanding his waiver, payroll deductions were made for the insurance premium from Porter's pay for pay periods in June and July 1983. In his uncontroverted response to requests for admissions, appellee's personnel director states that these payroll deductions were made as a result of clerical error. The appellee sent a check to the

appellant's estate for the amount deducted, which tender was rejected.

In this action, the administratrix of Porter's estate, the appellant, seeks to recover the $10,000 benefits offered under the group insurance plan, alleging that the appellee was negligent in failing to have Porter covered under the plan. Appellant also contends that by deducting the amount of the premium from Porter's pay, the appellee entered into an agreement that Porter would be covered which it is now estopped to deny. This appeal follows the grant of appellee's motion for summary judgment. *Held:*

1. "To state a cause of action for negligence in Georgia, the following elements are essential: '(1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.' [Cit.]" *Bradley Center v. Wessner,* 250 Ga. 199, 200 (296 SE2d 693) (1982). In this case, any duty of the appellee to enroll Porter in the group plan ended with Porter's uncontroverted and unequivocal decision that he not be included.

2. The erroneous deductions relied upon by the appellant did not operate to create a contract which the appellee is estopped to deny. In effect, appellant contends that because of the deductions, a new contract came into being, i.e., a contract by estoppel. "Estoppel, however, is not a cause of action under Georgia law. *Hood v. Duren,* 33 Ga. App. 203 (125 SE 787) (1924). [Appellant] apparently misunderstands the nature of the equitable doctrine of estoppel. Estoppel may be used to prevent a party from denying at the time of litigation a representation that was made by that party and accepted and reasonably acted upon by another party with detrimental results to the party that acted thereon. The doctrines of estoppel 'are primarily negative in their operation against the party making the statement or admission, rather than creative of any new rights in the opposite party.' Id. at 203, 125 SE at 787. Without some proper legal cause of action, establishing all the elements of equitable estoppel will not entitle plaintiff to relief." *Sabin Meyer Regional Sales Corp. v. Citizens Bank,* 502 FSupp. 557, 560 (N.D. Ga. 1980). The trial court did not err in its grant of summary judgment for the appellee.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 28, 1986 —
REHEARING DENIED FEBRUARY 11, 1986.

*J. Lansing Kimmey III,* for appellant.

*Thomas P. Gresham, J. Michael Bishop, Mark G. Evans*, for appellee.