## 75594. FUDGE v. COLONIAL BAKING COMPANY OF ATLANTA.
### (367 SE2d 814)

BENHAM, Judge.

Appellant Fudge slipped and fell while visiting the bakery owned and operated by appellee. Appellee's motion for summary judgment was granted, and appellant filed this appeal.

1. The trial court's order granting summary judgment to appellee reads as follows: "Defendant's motion for summary judgment having come on for hearing on April 27, 1987, the same is hereby granted." Appellant maintains the order and the judgment entered thereon are deficient due to the trial court's failure to state grounds for the decision and to indicate in its order that the record had been reviewed.

The fact that the trial court's order "does not affirmatively indicate that it considered the record" is not cause for reversal. *Smith v. Jones*, 154 Ga. App. 629 (1) (269 SE2d 471) (1980). See also *Griffin v. Crown &c. Petroleum Co.*, 171 Ga. App. 534 (2) (320 SE2d 383) (1984). It is not necessary to include findings of fact and conclusions of law on decisions on motions for summary judgment. OCGA § 9-11-52 (a); *Karsman v. Portman*, 173 Ga. App. 108 (3) (325 SE2d 608) (1984).

2. In her deposition, the 84-year-old appellant testified that she had visited the bakery thrift store previously. She stated that an area rug covered the flooring of the bakery's entry. Appellee admitted that a rubber-backed "removable" area rug was used at the spot. Intending to descend the two steps into the bread area, appellant testified that she stepped on what she thought was the rug-covered top of the uppermost step. However, when she placed her foot there, it gave way and she fell, catching the heel of her shoe in the rug. Appellant stated the rug was over the edge of the step and that she had "stepped on it as a step." Appellant alleged in her complaint that appellee knew or should have known from its long-term use of area rugs on the flooring that the rug would slide and extend over the edge of the top step. While admitting that the entrance rug is changed "on a regular basis," appellee contended that the rubber-backing of the rug prevented it from moving.

On motion for summary judgment, the burden is on the movant, regardless of which party would have the burden of proof at trial, to show there is no genuine issue of material fact. All evidence is to be construed most strongly against the movant, and the party opposing the motion is given the benefit of all reasonable doubts and all favorable inferences that can be drawn from the evidence. *Fiumefreddo v. Scudder*, 252 Ga. 279, 282 (313 SE2d 683) (1984). On motion for summary judgment, the movant must negate every theory of recovery which the non-moving party might have. *Reid v. Reid*, 246

Ga. 592 (2) (272 SE2d 685) (1980).

Construing the evidence most strongly against appellee and giving the benefit of all reasonable doubts and favorable inferences to appellant, we conclude that a theory of recovery can be drawn from the pleadings and the evidence of record, and that appellee failed to produce evidence that conclusively negates an essential element of appellant's case. Summary judgment for appellee, therefore, was inappropriate. See *Fort v. Boone*, 166 Ga. App. 290, 291 (304 SE2d 465) (1983).

*Judgment reversed. Banke, P. J., concurs. Carley, J., concurs in judgment only.*

DECIDED FEBRUARY 9, 1988 —
REHEARING DENIED MARCH 29, 1988.

*Ray C. Norvell, Sr.*, for appellant.
*Robert A. Barnaby II, Christopher N. Shuman*, for appellee.