CITY OF WILSON v. CAROLINA BUILDERS OF WILSON, INC.

No. 887DC669

(Filed 6 June 1989)

1. **Negligence § 2— negligence arising from breach of contract— absence of personal or property injury**

    An alleged breach of contract by plaintiff city in underbilling defendant for electricity could not serve as a basis for defendant's counterclaim premised on negligence where the alleged breach neither resulted in personal injury to defendant nor physical injury to defendant's property.

2. **Municipal Corporations § 4.4— underbilling for utilities—collection of correct amount—validity of ordinance**

    An ordinance allowing a city to collect any deficiencies in utility payments due to underbillings for a maximum period of twelve months was valid on its face.

3. **Municipal Corporations § 4.4— underbilling for utilities—collection of correct amount—offset for negligence not available**

    A counterclaim based on negligence is not available to offset a municipality's recovery for deficient utility payments where the deficiency is caused by the utility's underbilling the customer.

APPEAL by plaintiff from *Sumner (Quentin T.), Judge.* Judgment entered 28 March 1988 in District Court, WILSON County. Heard in the Court of Appeals 24 January 1989.

Plaintiff, a municipal corporation organized under the laws of North Carolina, instituted this civil action to recover charges for electricity furnished to defendant. Plaintiff is the sole supplier of electricity within the city limits of the City of Wilson. In September 1987 plaintiff discovered that it had been billing defendant for its electricity at an incorrect rate. The multiplier used on defendant's meter was a multiplier of 40 when the actual multiplier

should have been 80. As a result, defendant had been billed at one-half the rate which it should have been paying. Upon discovering the mistake, plaintiff forwarded a corrected bill to defendant. Defendant refused to pay.

Defendant denied liability and counterclaimed for damages, alleging plaintiff's negligence and unfair trade practices. Defendant also subsequently added a count for gross negligence to its counterclaim. On account of amendments to the complaint reducing the amount at issue below ten thousand dollars, defendant's motion to transfer the action from Superior Court to District Court was allowed. After numerous motions and pleadings, the court had before it for consideration (i) plaintiff's motion for summary judgment on its complaint, (ii) plaintiff's motion for judgment on the pleadings on defendant's counterclaim, (iii) defendant's motion for summary judgment on its counterclaim, and (iv) plaintiff's motion to continue hearing on defendant's summary judgment motion.

After hearing, the court granted plaintiff's motion for summary judgment on its claim, denied plaintiff's motion for a continuance, denied plaintiff's motion for judgment on the pleadings as to defendant's counterclaim and granted defendant's motion for summary judgment on its counterclaim. From the denial of its motion for continuance and from the allowance of summary judgment on defendant's counterclaim, plaintiff appeals.

*Rose, Jones, Rand & Orcutt, P.A., by Bobby F. Jones and James P. Cauley, III, for plaintiff-appellant.*

*Connor, Bunn, Rogerson & Woodard, P.A., by James F. Rogerson, for defendant-appellee.*

*Poyner & Spruill, by John R. Jolly, Jr., Nancy Bentson Essex, and Mary Beth Johnston, for Electricities of North Carolina, Inc., amicus curiae.*

*North Carolina League of Municipalities, by General Counsel S. Ellis Hankins, and Assistant General Counsel Laura L. Kranifeld, amicus curiae.*

PARKER, Judge.

Plaintiff brings forward four assignments of error on appeal. First, plaintiff asserts the trial court erred in denying plaintiff's motion for judgment on the pleadings and granting summary

CITY OF WILSON v. CAROLINA BUILDERS

[94 N.C. App. 117 (1989)]

judgment for defendant on its counterclaim because plaintiff was entitled to judgment as a matter of law. Second, plaintiff contends the trial court erred in granting summary judgment for defendant on its counterclaim because defendant had not demonstrated its entitlement to summary judgment and because genuine issues of material fact exist. Finally, plaintiff asserts the trial court abused its discretion in denying plaintiff's motion for a continuance. After review, we agree the trial court erred in granting summary judgment on defendant's counterclaim and reverse.

[1] Plaintiff first contends that defendant's counterclaim premised on negligence cannot lie against plaintiff. Defendant asserts that in a cause of action for tort, a contract between the parties creates "the relation out of which arises the common-law duty to exercise ordinary care." *Pinnix v. Toomey*, 242 N.C. 358, 362, 87 S.E. 2d 893, 898 (1955). The North Carolina courts have only recognized breach of contract as the basis for an action in tort where a promisor's negligent or willful act or omission in the course of performance of the contract results in personal injury or physical damage to property. *Ports Authority v. Roofing Co.*, 294 N.C. 73, 81-82, 240 S.E. 2d 345, 350-51 (1978). The decisions fall into four categories:

(i) injury to the person or property of someone other than the promisee;

(ii) injury to the property of the promisee, other than the property which was the subject of the contract, or personal injury to the promisee;

(iii) loss of, or damage to, the promisee's property which was the subject of the contract, the promisor being charged by law, as a matter of public policy, with the duty to use care in the safeguarding of the property from harm; and

(iv) willful injury to or conversion of the property of the promisee, which was the subject of the contract, by the promisor.

*See id.* In the present case plaintiff's alleged breach of contract, its underbilling of defendant, neither resulted in personal injury to defendant nor physical injury to defendant's property. Therefore, defendant's cause of action, if any, cannot properly sound in tort.

[2] Plaintiff next argues that to allow the counterclaim to affect plaintiff's recovery violates the legislative intent expressed in the Wilson City ordinance. Wilson City Ordinance 31-11 (as amended

3 March 1988) allows the municipality to collect any deficiencies in utility payments due to underbillings for a maximum period of twelve months. Ordinances which are properly adopted are presumed to be valid and reasonable regulations. *Gene's Inc. v. Charlotte*, 259 N.C. 118, 121, 129 S.E. 2d 889, 892 (1963); *State v. Hundley*, 195 N.C. 377, 379-80, 142 S.E. 330, 331, 57 A.L.R. 506, 509 (1928). Nothing appearing of record suggests the ordinance was not properly adopted, and defendant does not challenge the adoption of the ordinance.

General Statute 160A-312 gives a municipality the authority to regulate by reasonable rules any public enterprise belonging to the municipality. *See also* G.S. 160A-314(a). A facility to produce or distribute electricity is within the definition of public enterprise. G.S. 160A-311. Since the legislature grants this regulative authority to the municipality, a municipality in promulgating such regulations acts merely as an agent of the General Assembly. *Candler v. Asheville*, 247 N.C. 398, 101 S.E. 2d 470 (1958). The courts cannot inquire into the motives which prompted a municipality to enact an ordinance which is valid on its face, *Clark's v. West*, 268 N.C. 527, 530, 151 S.E. 2d 5, 7-8 (1966); therefore, the court cannot frustrate the operation of such an ordinance by judicial action.

[3] Plaintiff also argues that the trial court erred in granting defendant's offset because to allow defendant an offset is prohibited preferential treatment. Public utilities, including utilities owned by cities, may not discriminate in the distribution of services or the setting of rates. *Dale v. Morganton*, 270 N.C. 567, 571-72, 155 S.E. 2d 136, 141 (1967); *Wall v. City of Durham*, 41 N.C. App. 649, 659, 255 S.E. 2d 739, 745, *disc. rev. denied*, 298 N.C. 304, 259 S.E. 2d 918 (1979). As plaintiff notes, a majority of jurisdictions which have considered the issue of underbilling by utilities have held that to disallow recovery for underbilling would amount to discriminatory charges. *E.g., Corp. De Gestion Ste-Foy v. Fla. Power & Light*, 385 So. 2d 124 (Fla. App. 1980); *Sigal v. City of Detroit*, 140 Mich. App. 39, 362 N.W. 2d 886 (1985); *West Penn. Power Co. v. Nationwide Mutual Ins. Co.*, 209 Pa. Super. 509, 228 A. 2d 218 (1967); *Memphis Light, Gas & Water v. Auburndale Sch.*, 705 S.W. 2d 652 (Tenn. 1986); *Chesapeake & Potomac Tel. Co. of Virginia v. Bles*, 218 Va. 1010, 243 S.E. 2d 473 (1978). The issue of whether a claim of negligence is available to set off a municipality's recovery for deficient utility payments where the deficiency is caused by the utility's underbilling the customer is one of first

CITY OF WILSON v. CAROLINA BUILDERS

[94 N.C. App. 117 (1989)]

impression in North Carolina. Our courts' decisions regarding recovery of underbilled freight charges by common carriers, however, provide guidance on this issue.

In *R.R. v. Paving Co.*, 228 N.C. 94, 44 S.E. 2d 523 (1947), the defendant prepaid the plaintiff to transport 498 carloads of stone to a designated location. Later plaintiff sought to recover from defendant for switching charges which had not been included in the original cost. Defendant asserted that plaintiff should be estopped from recovering for these additional charges since defendant had used these costs in setting the contract price with its customer and had already received payment in full on the contract. In ruling that the common carrier could not be estopped from recovering the additional charges, the North Carolina Supreme Court stated:

> [U]nder well settled principles of law and in accord with the statutes enacted to prevent rebates and discrimination among shippers, and to provide equal and impartial service to all alike, it was the duty of the plaintiff as a common carrier of freight to collect the full amount at the correct rate for transportation, and where a lawful charge therefore was negligently omitted, or rate misquoted, resulting in undercharge, the carrier was equally bound to exhaust all legal remedies to require payment in full of the proper charge.

*Id.* at 97, 44 S.E. 2d at 525 (citations omitted). *See also Matthews v. Transit Co.*, 37 N.C. App. 59, 245 S.E. 2d 407, *disc. rev. denied*, 295 N.C. 647, 248 S.E. 2d 251 (1978).

In our view, the duty of a municipal electric company to serve the public in a non-discriminatory manner is analogous to the duty of a common carrier to provide "equal and impartial service." Accordingly, we hold that the municipality cannot be prevented from collecting the correct amount for the services provided to defendant, whether by a defense based on estoppel or a counterclaim based on negligence. *Accord Denver & Rio Grande Western R.R. v. Marty*, 143 Colo. 496, 353 P. 2d 1095, 88 A.L.R. 2d 1370 (1960) (counterclaim for damages not proper); *Wisconsin Power & Light Co. v. Berlin Tanning & Mfg. Co.*, 275 Wis. 554, 83 N.W. 2d 147 (1957) (set off and counterclaim not proper).

Since we have ruled that, as a matter of law, defendant was not entitled to recover on its counterclaim, we deem it unnecessary to address plaintiff's remaining assignments of error.

Reversed.

Judges EAGLES and LEWIS concur.