A93A1899. ALBANY OIL MILL, INC. v. SUMTER ELECTRIC MEMBERSHIP CORPORATION.
(441 SE2d 524)

SMITH, Judge.

Sumter Electric underbilled Albany Oil Mill, Inc., for a ten-month period. The underbilling totaled $18,628.76. This underbilling was due to Sumter Electric's reliance on incomplete information gathered in the field. Albany Oil Mill refused to pay the underbilled amount, and in turn Sumter brought suit to recover those sums. The trial court granted summary judgment to Sumter Electric with respect to the main claim, and Albany Oil Mill appeals.

1. The trial court observed, in dicta not prompted by either party, that Albany Oil Mill did not present a defense of estoppel as was presented in the factually similar case of *City of East Point v. Upchurch Packing Co.*, 58 Ga. App. 829 (200 SE 210) (1938). " 'Estoppel may be used to prevent a party from denying at the time of litigation a representation that was made by that party and accepted and reasonably acted upon by another party with detrimental results to the party that acted thereon. . . .' [Cit.]" *Wilson v. Keheley &c.*, 177 Ga. App. 769, 770 (2) (341 SE2d 245) (1986).

However, estoppel is an affirmative defense, and must therefore be set forth affirmatively "[i]n pleading to a preceding pleading." OCGA § 9-11-8 (c). "The purpose of the requirement that affirmative defenses be pleaded is to prevent surprise and to give the opposing party fair notice of what he must meet as a defense. If it is not

pleaded it is generally held that the defense is waived, but if it is raised by motion, or by special plea in connection with the answer or by motion for summary judgment there is no waiver. [Cits.] Moreover, 'failure to plead an affirmative defense is immaterial if *evidence* of the defense is introduced and not objected to for failure to plead it, and no surprise is claimed.' [Cits.]" (Emphasis supplied.) *Phillips v. State Farm Mut. Auto. Ins. Co.*, 121 Ga. App. 342, 346 (173 SE2d 723) (1970).

In arguing that the elements of an estoppel defense were sufficiently stated even though the word "estoppel" was not used, appellant relies upon assertions not supported by evidence in the record that were made for the first time in its response to Sumter Electric's motion for summary judgment. Specifically, no suggestion is made except in response to Sumter Electric's motion for summary judgment that Albany Oil Mill detrimentally relied upon the utility's underbilling in good faith when setting its own rates for the cold storage services it provides to its customers. No estoppel defense had been made out for Sumter Electric to meet at the time its motion for summary judgment was filed, and appellant does not suggest otherwise. Albany Oil Mill's brief in response to Sumter Electric's motion could not in itself serve to *render* the grant of that motion inappropriate by supplying the missing elements of an otherwise waived estoppel defense. We therefore find no error.

2. Albany Oil Mill argues that material issues of fact remain on the issues of negligence and lack of diligence on the part of Sumter Electric. However, in the absence of an affirmative defense of estoppel suggesting that Albany Oil Mill justifiably relied on the underbilling to its detriment, it is immaterial whether the underbilling is the result of the utility's inexcusable failure properly to calculate appellant's electricity usage in the first instance. "A dispute as to an immaterial fact or one which has no legal significance to the outcome of the case does not preclude summary judgment. [Cits.]" *Daugherty v. MARTA*, 187 Ga. App. 864, 867 (371 SE2d 677) (1988).

3. Albany Oil Mill asserts that the trial court erred in applying OCGA §§ 46-3-11 and 46-3-12 in granting summary judgment to Sumter Electric. Even assuming the trial court's analysis is flawed in this respect, it was not crucial to the result reached. A grant of summary judgment must be affirmed if right for any reason, whether stated or unstated. See, e.g., *American Honda Motor Co. v. Williams &c.*, 208 Ga. App. 636, 642 (2) (431 SE2d 437) (1993). It is the grant itself that is to be reviewed for error, and not the analysis employed. See *Fudge v. Colonial Baking Co. of Atlanta*, 186 Ga. App. 582 (367 SE2d 814) (1988). This enumeration is without merit.

4. Appellant cites *City of Commerce v. Duncan & Godfrey, Inc.*, 157 Ga. App. 337 (277 SE2d 266) (1981), for the proposition that,

even in cases of underbilling, "customers of a public electric utility who are not in a position to understand the utility's complex and highly technical rate structure are entitled to assume that the utility is charging them at the most favorable rate available to them. [Cit.]" Id. at 339 (1). That case stands, *at most*, for the proposition that customers of a public utility have a right to assume that there is no *lower* rate available to them — in essence, that they are not being *overbilled*. We agree with the trial court that *Duncan & Godfrey, Inc.*, supra, is therefore inapplicable under the facts presented.

*Judgment affirmed. Cooper, J., concurs. Beasley, P. J., concurs specially.*

BEASLEY, Presiding Judge, concurring specially.

Appellee argues that even if estoppel had been properly pleaded, it is not a defense because OCGA §§ 46-3-11 and 46-3-12 prohibit it as an electric supplier from applying a rate "which unreasonably discriminates against or in favor of" users such as appellant. This, it argues, precludes the defense of estoppel from being asserted by a consumer who was charged the wrong amount and against whom an action is brought to recover the uncollected amount. It relies on such foreign authority as *City of Wilson v. Carolina Builders*, 94 N.C. App. 117 (379 SE2d 712) (1989); *Chesapeake &c. Tel. Co. v. Bles*, 218 Va. 1010 (243 SE2d 473) (1978); and *Memphis Light, Gas &c. Div. v. Auburndale School System*, 705 SW2d 652 (Tenn. 1986).

In *City of East Point v. Upchurch Packing Co.*, 58 Ga. App. 829 (200 SE 210) (1938), a distinction was made between a governmental function, which would not be subject to the defense of estoppel, and a private or proprietary function, with respect to which such a defense was maintainable. The court considered it "well-settled" that the provision of electric service is a non-governmental function. Id. at 830. In the more recent case of *City of Warner Robins v. Rushing*, 259 Ga. 348 (381 SE2d 38) (1989), the Supreme Court distinguished the case of *City of East Point* as being one in which the governing entity was estopped by the official's unauthorized *method* of exercising power; it would not be estopped if the official had *no authority* to take the action in the first place. Here, then, estoppel would be available as a legally assertable defense.

DECIDED MARCH 1, 1994.

*Clayton A. Hall*, for appellant.
*Ellis & Easterlin, James C. Gatewood, Russ F. Barnes*, for appellee.